JEANNE GAMBS, APPELLANT, v. CLARENCE MOR-GENTHALER, JUNE MORGENTHALER, AND LOW-ELL H. HALL, DOING BUSINESS UNDER THE FICTITIOUS NAME OF THE PLAZA MOTOR LODGE, AN UNINCORPORATED ASSOCIATION, RESPONDENTS.

No. 5145

February 15, 1967　　　　　　　　　423 P.2d 670

*Guild, Guild & Cunningham* and *Drennan A. Clark,* of Reno, for Appellant.

*Leslie A. Leggett,* of Reno, for Respondents.

# OPINION

By the Court, COLLINS, J.:

This is an action for personal injury brought by appellant against respondents. She contends she was injured when, in June 1963, she slipped and fell on an outside metal stairway negligently maintained by respondents at a motel they owned and operated in Reno, Nevada. In September 1964 respondents moved to California, and became permanent, lawful residents there. This action was filed in December 1964, and summons issued.

On February 11, 1966 an affidavit for publication of summons was filed and the court entered its order authorizing service by publication pursuant to NRCP 4(e). On February 10, 1966, one day before the order was signed and filed, appellant caused a copy of the summons to be mailed to respondents at an address in California. The summons did not contain a brief statement of the cause of action, though such a statement is required by NRCP 4(b). The trial court found that a copy of the complaint was not attached to the summons when received by respondents. On March 9, 1966 respondents were each personally served in California with summons and complaint. On March 28, 1966 respondents moved by special appearance to quash alleged or purported service of process upon them. The motion was granted by the trial court. This appeal is from that order.

The issue is whether the State of Nevada has a method of substituted service by statute or rule on a former resident if facts show minimum contact sufficient to satisfy due process. The minimum contact was the occurrence of the injury while the defendants lived in Nevada, and operated their motel here, even though they subsequently moved outside the state before an action was commenced. We conclude the trial court was in error, reverse its order and remand the action for further proceedings.

The basic rule of *in personam* jurisdiction in this country was stated in Pennoyer v. Neff, 95 U.S. 714 (1877), holding that a court may not acquire jurisdiction *in personam* over a defendant in an action through the service of process outside

the state in which the forum exists. That general rule has since been substantially eroded, and in Milliken v. Meyer, 311 U.S. 457 (1940), it was held that the acquisition of personal jurisdiction on one domiciled within the state meets all the requirements of due process, when the defendant is given actual notice of the proceeding and an opportunity to be heard.

Still later, the concept of due process being satisfied by substituted service was expanded to include the "minimum contacts" doctrine. It was upheld as to corporations in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945), and to individuals in Owens v. Superior Court, 345 P.2d 921 (Cal. 1959).

Further liberalization was approved in McGee v. International Life Insurance Co., 355 U.S. 220 (1957), where it was held due process was satisfied in a suit against a foreign corporation not served with process within the forum state based upon a contract which had substantial connections with the state.

Nevada has followed this trend and this court held in State ex rel. Crummer v. District Court, 69 Nev. 276, 249 P.2d 226 (1952), that a resident of Nevada, defendant in an *in personam* cause of action for breach of contract and money damages, who had departed and could not be found within the state, but who was served personally with process in California pursuant to an order for publication of summons (NCL (1929) § 8582) was obligated to appear and defend. That decision distinguished Nahas v. Nahas, 59 Nev. 220, 90 P.2d 223, 92 P.2d 718 (1939), Perry v. Edmonds, 59 Nev. 60, 84 P.2d 711 (1938), and Pacific States Security Company v. District Court, 48 Nev. 53, 226 P. 1106 (1924), by pointing out they were actions against non-residents of whom the state itself possessed no jurisdiction. The latter case, Pacific States Security Company v. District Court, supra, was decided prior to Milliken v. Meyer, supra, International Shoe Co. v. State of Washington, supra, and Owens v. Superior Court, supra, and is no longer good authority, at least in the "minimum contacts" cases. To that extent we overrule its holding.

This court said in State ex rel. Crummer v. District Court, supra, at page 283: "Nowhere does our statute [NCL (1929) §§ 8582, 8583] purport to define its jurisdictional limits nor characterize the jurisdiction which may be exercised under it. It does no more, and purports to do no more, than provide a method by which such jurisdiction as the state possesses may in certain cases be exercised through its courts. * * * Such jurisdictional limits are fixed by the relationship between the

person served and the commanding state; by the existence or lack of existence of any personal duty to respond to the command of process." Likewise we held in Metal-Matic v. District Court, 82 Nev. 263, 415 P.2d 617 (1966), that under the "long-arm" statute (NRS 14.080) jurisdiction by service of substituted process can be acquired over a foreign manufacturer of an allegedly defective product which it reasonably expects will enter interstate commerce and which causes injury to a Nevada plaintiff.

The controversy arises here because, respondents say, even though there is jurisdiction in Nevada courts to entertain an action under these circumstances, still there must be a statute or rule providing the method or statutory provision for service of process by publication and we have none. Appellant, on the other hand, says we do have the method under NRCP 4(e)(1)(i) and (iii).[1]

---

[1]"(i) General. When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

"Provided, when said affidavit is based on the fact that the party on whom service is to be made resides out of the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in such affidavit that at a previous time such person resided out of this state in a certain place (naming the place and stating the latest date known to affiant when such party so resided there); that such place is the last place in which such party resided to the knowledge of affiant; that such party no longer resides at such place; that affiant does not know the present place of residence of such party or where such party can be found; and that affiant does not know and has never been informed and has no reason to believe that such party now resides in this state; and, in such case, it shall be presumed that such party still resides and remains out of the state, and such affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant. This rule shall apply to all manner of civil actions, including those for divorce.

\* \* \* \* \*

"(iii) Publication. The order shall direct the publication to be made in a newspaper, to be designated by the court or judge thereof, for a period of four weeks, and at least once a week during said time. In case of publication, where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at his place of residence. When publication is

NRCP 4(e)(1) has its origin in Nevada Compiled Laws, 1929, Sections 8582 and 8583, which in turn were taken from the California Code of Civil Procedure, §§ 412 and 413.[2]

ordered, personal service of a copy of the summons and complaint, out of the state, shall be equivalent to completed service by publication and deposit in the post office, and the person so served shall have twenty days after said service to appear and answer or otherwise plead. The service of summons shall be deemed complete in cases of publication at the expiration of four weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of four weeks from such deposit."

[2]"§ 412. Summons; service by publication; prerequisites; order
"Where the person on whom service is to be made resides out of the State; or has departed from the State; or can not, after due diligence, be found within the State; or conceals himself to avoid the service of summons; or is a corporation having no officer or other person upon whom summons may be served, who, after due diligence, can be found within the State, and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action; or when it appears by such affidavit, or by the complaint on file, that it is an action which relates to or the subject of which is real or personal property in this State, in which such person defendant or corporation defendant has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consists wholly or in part in excluding such person or corporation from any interest therein, such court, or judge, may make an order that the service be made by the publication of the summons."

"§ 413. Summons; service by publication; order; mailing; personal service out of state; post office defined
"The order must direct the publication to be made in a newspaper, to be named and designated as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once each calendar week; but publication against a defendant residing out of the State, or absent therefrom, must be pursuant to Section 6065 of the Government Code, except in proceedings instituted pursuant to the provisions of Chapter 4, Title 3, Part 3, of this code. In case of publication, where the residence of a nonresident or absent defendant is known, the court, judge, or justice, must direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence. When publication is ordered, personal service of a copy of the summons and complaint out of the State is equivalent to publication and deposit in the post office. Service is complete upon the making of such personal service or at the expiration of the time prescribed by the order for publication, whichever event shall first occur.

As used in this section 'post office' includes mail box, sub-post office, substation and mail chute or other like facility regularly maintained by the Government of the United States." (The above text was slightly amended in 1957 but the change does not affect the matters considered here.)

Respondents contend we are bound by the interpretation of §§ 412 and 413 announced by the Supreme Court of California in De La Montanya v. De La Montanya, 44 P. 345 (1896). Appellants contend De La Montanya v. De La Montanya, supra, was overruled by Allen v. Superior Court, 259 P.2d 905, 907 (Cal. 1953), which held: "As long provided by California law, a person who 'resides out of the State; or has departed from the State; or can not, after due diligence, be found within the State; or conceals himself to avoid the service of summons' is subject to service by publication. Code Civ. Proc. sec. 412. Under such circumstances, personal service outside the state is declared to be 'equivalent to publication.' Ibid. sec. 413. This statutory language is literally broad enough in its terms to authorize a personal judgment based on the extraterritorial service of process, either through 'publication' or 'personal service' on a defendant without the state. See 37 Cal.L.Rev. 80, 84." Appellants further say that enactment of California Code of Civil Procedure, § 417[3] restricted the general power of the court under §§ 412 and 413. Their contention is supported in Allen v. Superior Court, supra, at page 908, which reads: "With this background of legislative action and judicial decisions, the Legislature enacted in 1951 section 417 of the Code of Civil Procedure. 23 Cal.Jur. sec. 137, p. 763; sec. 159, p. 782. * * * As so based on the broad authority of sections 412 and 413, section 417 is manifestly designed to restrict the power of the court if a personal judgment is to be entered. Thus its operation is made dependent on defendant's residence within the state either at the time of commencement of the action or time of service, and on his personal service with summons."

In effect, then, Nevada courts under NRCP 4(e)(1) have an identical method of acquiring jurisdiction over absent defendants by substituted service as do California courts under CCP §§ 412 and 413, except we do not have the limitation

[3]"417. Jurisdiction to render personal judgment against person served out of state

"Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State at the time of the commencement of the action or at the time of service."

(§ 417 was amended in 1957 to provide for service if defendant was a resident at the time the cause of action arose. This change came after Allen v. Superior Court, supra, and prior to Owens v. Superior Court, supra.)

imposed by § 417. We think the construction of CCP §§ 412 and 413 by the California Supreme Court in Allen v. Superior Court, supra, is a reasonable one and we are persuaded to adopt it. Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1947); City of Reno v. District Court, 59 Nev. 416, 95 P.2d 994 (1939).

Respondents contend NRCP 4(e)(2)[4] is a restriction upon NRCP 4(e)(1) and limits service by publication only to residents of Nevada. We do not agree. Clearly NRCP 4(e)(1) and 4(e)(2) are independent of each other though dealing with the same subject matter, service of process.

We limit the ruling in this case to the exact factual situation presented; i.e., personal service of summons and complaint on defendants outside of Nevada. NRCP 4(e)(1)(iii). Clearly they had actual notice of the pendency of the action and opportunity to appear and defend. We have "provided and employed" a reasonable method of notice to defendants, Milliken v. Meyer, supra, State ex rel. Crummer v. District Court, supra, who are otherwise subject to the jurisdiction of the Nevada court under the "minimum contacts" theory. Whether service of process by publication if completed by mailing and publication of summons in a newspaper would be adequate to satisfy constitutional requirements of due process remains to be decided. Perhaps the court and bar of Nevada should consider the adoption of a rule similar to California Code of Civil Procedure § 417.

The order quashing service of process is reversed and the matter remanded for further proceedings.

THOMPSON, C. J., and ZENOFF, J., concur.

---

[4]"(2) Personal Service Outside the State. Personal service outside the state upon a natural person over the age of 18 years may be made (i) in any action where the person served is a resident of this state, and (ii) in any action affecting specific property or status, or in any other proceeding in rem without regard to the residence of the person served. When such facts shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the person in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by personal service outside the state. Such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the person served. The methods of service are cumulative, and may be utilized with, after, or independently of, other methods of service."