McCULLOCH CORPORATION, a Wisconsin Corpo-
ration, Petitioner, v. THE HONORABLE JUDGE
THOMAS J. O'DONNELL, Judge of the Eighth
Judicial District Court of the State of Nevada,
in and for the County of Clark, and MORRIS FOX
and MOLLIE FOX, Respondents.

No. 5324

October 19, 1967                                    433 P.2d 839

*Morse & Graves,* and *Lee R. Rose,* of Las Vegas, for Peti-
tioner.

*Foley Brothers,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

On September 23, 1962 Mollie Fox fell and sustained injuries while upon the premises of the restaurant at Lake Mead Marina in Clark County, Nevada. She filed suit, together with her husband who claimed loss of services and companionship. C. V. Wood, Jr., James J. Corey, Frederic Leopold, and the petitioner, McCulloch Corporation, were named as defendants. Service of process on McCulloch Corporation was made pursuant to NRS 14.030.[1]

Petitioner moved to quash service of summons contending that the trial court had no jurisdiction over McCulloch Corporation since that corporation does not do business in Nevada, is not authorized or licensed to do so, and did not own property within the state at the time of the injuries to Mollie Fox. The trial court denied the motion. Petitioner seeks a writ of prohibition from this court to prevent the lower court from exercising further jurisdiction.

The sole question presented by this petition is whether the McCulloch Corporation owns property or does business in

---

[1] NRS 14.030. *"Service of process upon foreign associations, private and municipal corporations when failure to appoint resident agents.*

"1. If any such company, association or municipal corporation shall fail to appoint such agent, * * * it shall be lawful to serve such company, association or municipal corporation with any and all legal process by delivering a copy to the secretary of state, or, in his absence, to any duly appointed and acting deputy secretary of state, and such service shall be valid to all intents and purposes. * * *"

the State of Nevada within the purview of NRS 14.020,[2] thereby being subject to the jurisdiction of this state and amenable to process under NRS 14.030. We think not and grant the petition for a writ of prohibition.

1. We acknowledged in Metal-Matic, Inc. v. District Court, 82 Nev. 263, 415 P.2d 617 (1966), citing therein International Shoe Co. v. Washington, 326 U.S. 310 (1945); McGee v. International Life, 355 U.S. 220 (1957); and Hansen v. Denckla, 357 U.S. 235 (1958), that since Pennoyer v. Neff, 95 U.S. 714 (1877), a jurisdictional evolution has been taking place to such extent that the old jurisdictional landmarks have been left far behind so that in many instances states may now properly exercise jurdisdiction over nonresidents not amenable to service within their borders. The point has not been reached, however, where state boundaries are not without significance. There must still be some "affiliating" circumstances without which the courts of the state may not entertain jurisdiction. Hansen v. Denckla, supra. Each case depends upon its own circumstances, but while we adhere to the generalities of "minimal contact," that contact must be of significance. In this case it must amount to owning property or doing business within this state.

The petitioner once owned the Lake Mead Marina but divested complete ownership several months before Mollie Fox's accident. At the time the petitioner owned the Marina the restaurant was not in existence. Former ownership is not sufficient to impose continuing answerability to jurisdiction absent other circumstances. (Cf. Gambs v. Morgenthaler, 83 Nev. 90, 423 P.2d 670 (1967), where the injury occurred during the period of ownership, thereafter the property was sold and the defendant then departed this state's boundaries.)

2. Respondents further contend that petitioner is subject to the jurisdiction of the courts of this state because it is a

---

[2]NRS 14.020. *"Foreign associations, private and municipal corporations owning property, doing business in state, to appoint resident agents.*

"Every incorporated company or association and every municipal corporation created and existing under the laws of any other state, territory, or foreign government, or the Government of the United States, owning property or doing business in this state, shall appoint and keep in this state an agent, who may be either an individual or a domestic corporation, upon whom all legal process may be served for such corporation, association or municipal corporation. * * *"

stockholder of one of the other defendants, McCulloch Properties, Inc., an Arizona corporation authorized to do business in Nevada. The mere fact of stock ownership by one corporation in another does not authorize jurisdiction over the stockholder corporation. To hold otherwise would be to disregard the principles of stockholder immunity and would further lead to the impractical result of holding all stockholders of any corporation responsible in the event of an injury on corporate property. Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333 (1925); Consolidated Textile Corp v. Gregory, 289 U.S. 85 (1933); Ludwig v. General Binding Corp., 21 F.R.D. 178, 181 (Wis. 1957).

3. According to the affidavits supporting petitioner's motion to quash, on March 30, 1962 McCulloch Properties, Inc. filed a certificate of fictitious name in the office of the County Clerk of Clark County, Nevada, in compliance with NRS 602.050.[3] The index mistakenly listed McCulloch Corporation as owner of Lake Mead Marina. Apparently respondent relied upon the index when the suit was commenced without referring to the certificate. McCulloch Corporation, though listed as an owner, was in truth only a stockholder.

Respondents contend that the provision of NRS 602.060 which provides that a certified copy of the certificate of fictitious name is prima facie evidence of the facts stated therein is conclusive, but it is well recognized that when a fact is established prima facie, it is only so established until contradicted. The contradictions in this case presented by the supporting affidavits and other information in the record, i.e., interrogatories, copies of certificates of fictitious name, overcome the statutory implication.

The petition for a writ of prohibition is granted.

THOMPSON, C. J., COLLINS, J., BATJER, J., and MOWBRAY, J., concur.

---

[3]NRS 602.050. *"County clerk's registration book and fees.*

"1. Every county clerk must keep, in alphabetical order, in a book or other suitable index provided for that purpose:

(a) A register of all the names of such businesses, or fanciful or fictitious designations, as shown in the certificates.

(b) The name of each person shown to be interested in or a partner in such business.

"2. Every county clerk shall charge for each firm name entered a fee of $1, which shall be full compensation for filing and registration."