CERTAIN–TEED PRODUCTS CORPORATION, PETI-TIONER, v. SECOND JUDICIAL DISTRICT COURT, RESPONDENT.

No. 6404

January 26, 1971            479 P.2d 781

*Hibbs & Bullis,* of Reno, for Petitioner.

*Breen, Young, Whitehead & Hoy* and *Lawrence J. Semenza,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This petition for a writ of prohibition challenges the service of process upon a foreign corporation not qualified to do business in Nevada, but who had supplied roofing materials for use in the construction of a warehouse at Sparks, Nevada. Process was purportedly served upon the petitioner pursuant to

NRS 14.065. This proceeding does not concern provisions for the service of process upon a foreign corporation doing business in Nevada [NRS 14.020; NRS 14.030; NRCP 4(d)(2)], nor does it concern NRS 14.080, since service was not attempted under that statute.

The petitioner, Certain-Teed Products, is a foreign corporation not qualified to do business in Nevada, and one of several defendants to an action commenced by S. S. Kresge Company. Certain-Teed moved the district court to quash service of process for want of jurisdiction and because service was not made upon an authorized person. Its motion was denied. This proceeding seeks to preclude the district court from further considering Kresge's claim for relief against the petitioner.

This case arose out of the construction of a warehouse for Kresge by the McKenzie Construction Company. McKenzie, certain subcontractors and suppliers are the defendants. Insofar as Certain-Teed is concerned, the amended complaint of Kresge alleges that McKenzie contracted with Yancy Company to provide the roof; that Yancy contracted with Certain-Teed to supply the roofing materials; that Certain-Teed warranted the materials to be of good quality, and breached its warranty to the damage of Kresge in the sum of $500,000 which Kresge is entitled to recover as the third party beneficiary of the mentioned contracts.

A deputy sheriff of Montgomery County, Pennsylvania, gave his affidavit that he served process upon Certain-Teed by handing "a true and correct copy of Amended Summons and Amended Complaint to Mr. DeLong, Chief Legal Counsellor, at 120 East Lancaster Avenue, Ardmore, Montgomery County, Pa."

1. NRS 14.065, among other things, purports to give a Nevada court personal jurisdiction over a party outside of Nevada as to any cause of action which arises from "transacting any business within this state.[1] A method for serving process

---

[1]NRS 14.065 reads: "1. Personal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction of the person of the party so served if:

"(a) Such service is made by delivering a copy of the summons, together with a copy of the complaint, to the party served in the manner provided by statute or rule of court for service upon a person of like kind within this state; and

"(b) Such party has submitted himself to the jurisdiction of the courts of this state in a manner provided by this section.

"2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if an individual, his personal representative to the

is designated. A copy of the summons together with a copy of the complaint is to be delivered to the party "in the manner provided by statute or rule of court for service upon a person of like kind within this state."

Although the language is obscure, we must give it effect if possible. The phrase "a person of like kind within this state," in this instance, must mean a domestic corporation. Rule 4(d)(1) designates the manner in which a domestic corporation is served.[2] This means that a foreign corporation, not qualified to do business in Nevada, but alleged to have transacted business here, may be served with process under NRS 14.065 by delivering a copy of the summons and complaint in the foreign jurisdiction to the president or other head of the corporation, secretary, cashier, managing agent, or resident agent thereof. The legislative purpose was to require personal service of process outside this state to afford actual notice of the pending litigation. Cf. Gambs v. Morgenthaler, 83 Nev. 90, 423 P.2d 670 (1967). This satisfies the requirements of procedural due process since no more certain provision for the defendant's receipt of actual notice could be made than through personal service. Mizner v. Mizner, 84 Nev. 268, 272, 439 P.2d 679 (1968). Substituted service is not provided for by NRS 14.065.[3]

---

jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:

"(a) Transacting any business or negotiating any commercial paper within this state;

"(b) Committing a tortious act within this state;

"(c) Owning, using or possessing any real property situated in this state;

"(d) Contracting to insure any person, property or risk located within this state at the time of contracting; or

"(e) Living in the marital relationship within this state nothwithstanding subsequent departure from this state, as to all obligations arising for alimony, child support or property settlement, if the other party to the marital relationship continues to reside in this state.

"3. Only causes of action arising from these enumerated acts may be asserted against a defendant in an action in which jurisdiction over him is based on this section.

"4. The method of service provided in this section is cumulative, and may be utilized with, after or independently of other methods of service."

[2]Rule 4(d)(1) reads: "If the suit is against a corporation formed under the laws of this state; to the president or other head of the corporation, secretary, cashier, managing agent, or resident agent thereof. . . ."

[3]We are not here concerned with the substituted service provisions of Rule 4(d)(1) respecting service upon persons other than the president, or other head of the corporation, secretary, cashier, managing agent or resident agent.

As already noted, it does not appear from the deputy sheriff's return of service that process was served upon one of the persons authorized by the rule to be served. Service was made upon the chief legal counsellor. Whether that individual was also the president, secretary, cashier, managing agent, or resident agent of Certain-Teed does not appear from the return or from other competent proof.[4] Accordingly, the district court erred in refusing to quash service. We presume, however, that competent proof of the capacity of the chief legal counsellor will be supplied, or that service will hereafter be made, and, therefore, turn to other points raised by this petition for prohibition.

2. The petitioner next contends that neither the amended complaint nor the affidavit which was filed in support of the order authorizing service of process outside the State of Nevada contains a sufficient statement of facts to warrant service of process or confer jurisdiction on the trial court. However, neither NRS 14.065 nor NRCP 4(d)(1) requires an affidavit or order as a prerequisite to service of process. The amended complaint does state a claim for relief against the petitioner within the framework of NRS 14.065 when tested by the rules generally applicable to pleadings. NRCP 8(a). A more detailed statement of facts is not required and a failure to allege that the contract was made in Nevada is not essential. The pleading is adequate to place the claim for relief within NRS 14.065 (2)(a). It is noted that NRCP 12(b)(2) provides an opportunity for any out-of-state defendant to secure a pretrial determination of jurisdiction over his person and thus protects such parties against harassment from ill conceived and "shotgun type" law suits. The petitioner chose not to make any factual showing in support of its motion to quash that the business transacted by it in Nevada was insufficient to confer jurisdiction over it. No factual issue on that score has been presented to the trial court to be resolved.

3. The motion to quash service also was grounded upon

---

[4]In addition to the return of service, the district court had before it an affidavit of a secretary of plaintiff's Reno attorneys that she had conversed by telephone with Mrs. Trunk of the personnel department of Certain-Teed and was advised that the Chief Legal Counsellor also was the Secretary of Certain-Teed. This hearsay affidavit is insufficient (State v. District Court, 68 Nev. 527, 238 P.2d 1125 (1951)), particularly when the fact in issue is a matter of public record in Pennsylvania, easily ascertained, and authenticated proof thereof available.

want of jurisdiction. The petitioner argues that considerations of substantive due process place Certain-Teed beyond the reach of the long arm of NRS 14.065.

The broad language used in the statute discloses a legislative intention to reach the outer limits of federal constitutional due process. Such phrases as "transacting any business within this state," "negotiating any commercial paper within the state," "committing a tortious act within this state," are almost without restriction or limitation. The constitutional concern is whether the transaction of business in Nevada produced effects here of such significance that it is not unfair to allow this state to resolve resulting litigation. In short, are traditional notions of fair play and substantial justice offended? Internat. Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Metal-Matic Inc. v. District Court, 82 Nev. 263, 415 P.2d 617 (1966); Gambs v. Morgenthaler, 83 Nev. 90, 423 P.2d 670 (1967).

The United States Supreme Court decisions of McGee v. International Life Ins. Co., 355 U.S. 220 (1957), and Hanson v. Denckla, 357 U.S. 235 (1958), when read together, seem to set forth the criteria defining the outer limits of in personam jurisdiction over an out-of-state defendant based upon a single act within the forum state. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Southern Machine Company v. Mohasco Industries, Inc., 401 F.2d 374 (6 Cir. 1968); State ex rel. White Lumber Sales, Inc. v. Sulmonetti, 448 P.2d 571 (Ore. 1968).

In the case at hand we must assume that more than a single act in Nevada was performed by Certain-Teed since the construction project to which it supplied material was a substantial one. That company purposefully acted within this state and the consequences of its activities here are substantial, if Kresge's claim for relief bears merit. It is apparent that the convenience of both parties, Kresge and Certain-Teed, cannot equally be served by giving each a free choice of the forum in which to conduct their differences. Neither has a greater claim to preferred treatment. In this case it cannot reasonably be argued

that Certain-Teed is compelled to defend itself in a distant state with which it has no relevant connection. Accordingly, it is not denied fair treatment or substantial justice, if when properly served with process, it is required to appear and defend in Nevada.

A writ of prohibition shall issue solely upon the ground that neither the return of service or other competent proof shows that service of process was made upon either the president or other head of Certain-Teed, its secretary, cashier, managing agent, or resident agent.

ZENOFF, C. J., BATJER and MOWBRAY, JJ., and MANN, D. J., concur.