JOSEPH A. TODMAN, Respondent, *v.* H. H. PURDY, Appellant.

Presumption of Ownership in Holder of Promissory Note. In a suit on a promissory note by the payee, his possession thereof, though it may bear his indorsement to another person, sufficiently establishes his title to it without further proof—the law presuming the holder to be the owner.

PREJUDICIAL ERROR ONLY AVAILABLE ON APPEAL. Though improper evidence may be admitted on the trial of a case, yet if its admission could in no wise injure the opposite party, he has no cause of complaint therefor—no error, except such as may have prejudiced appellant's case, being available on appeal.

PLEADING AND PROOF OF OWNERSHIP OF PROMISSORY NOTES. In a suit by the payee on a promissory note, which appears to have been indorsed by him to a third person, the plaintiff's production thereof will raise the presumption that he is the owner without further proof; but if it should become necessary to prove a transfer back to himself he can do so without specially pleading it, any proof tending to establish his ownership, whether shown by oral evidence or indorsement on the instrument, being admissible to sustain the allegation of his being the owner and holder thereof.

FACTS NOT REQUIRING PROOF REQUIRE NO PLEADING. No fact is required to be pleaded which it is unnecessary to prove.

STATUTE OF LIMITATIONS—ABSENCE FROM STATE. A defendant, to avail himself of the bar of the Statute of Limitations, must have been within the State for the full time limited by the statute after the cause of action accrued against him.

CONSTRUCTION OF SECTION TWO OF STATUTE OF LIMITATIONS. Section twenty-one of the Statute of Limitations (Stats. 1867, 86) has entirely overthrown the old rule that the statute, when once it began to run, continued to run, notwithstanding absence from the State.

APPEAL from the District Court of the Third Judicial District, Washoe County.

This action was brought on two promissory notes executed on June 6th, 1864, at Silver City, for five hundred dollars each, drawing three per cent. per month interest, and payable, one in six months, and the other in eight months. The plaintiff had judgment in the Court below, on June 24th, 1869, for the sum of two thousand seven hundred and eighty-five dollars, certain small offsets having been allowed.

*R. H. Taylor*, for Appellant.

I. The Court erred in overruling the objection to the question: "What disposition did you then make of these notes?" because no evidence of transfer from and to plaintiff was admissible, inasmuch as the plaintiff declares upon the notes as the original holder thereof, and not as assignee of them. (Chitty on Bills, 571.)

II. The decision is against law, because the findings of fact in relation to the return of defendant to this State show that his pres-

Todman *v.* Purdy.

ence here put the Statute of Limitations in motion, and that the action was barred by said statute. (Stats. 1867, 86, Sec. 7; Angell on Limitations, Sec. 206.)

*Thomas E. Haydon*, for Respondent.

I. To the first point of appellant, respondent cites 2 Greenl. Ev. 163, Sec. 166, and note 3 thereunder.

II. To the second point of appellant, respondent cites 3 Abbott's N. Y. Digest, 724–6, Secs. 130–1, 134, 144–5, and 146, and cases there cited, and particularly *Denny* v. *Smith*, (18 N. Y. 570) and *Ford* v. *Babcock*, (2 Sandford, 526).

By the Court, Lewis, C. J. :

Upon the trial of this case it appeared in evidence that in the month of May, A.D. 1866, the plaintiff, who was the original payee of the notes sued on, had indorsed and transferred them to one H. P. Sheldon, whereupon his counsel offered evidence to show that he became the owner of them by a subsequent transfer to him by Sheldon. This was objected to by counsel for defendant, upon the ground that plaintiff, not having pleaded the indorsement from Sheldon to himself, evidence tending to establish that fact was inadmissible. The Court below overruled the objection and admitted the evidence. Of this ruling the defendant complains, and assigns it as error in this Court. That such evidence was entirely unnecessary is very certain, for the production of the notes by the plaintiff sufficiently established his title to them without further proof, the law presuming the holder of a negotiable note to be the owner. When, therefore, the payee sues upon it he is allowed to recover, notwithstanding it appears to have been indorsed by him to a third person, without further proof upon his part as to his ownership than the production of the instrument. In *Dugan v. The United States*, the rule is thus stated by the Supreme Court : "But if this agency in the Messrs. Willinks and Van Staphorst were not established, the opinion of the Court would be the same. After an examination of the cases on this subject, (which cannot all of them be reconciled) the Court is of the opinion, that if any

person who indorses a bill of exchange to another, whether for value, or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the *bona fide* holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more indorsements in full, subsequent to the one to him, without producing any receipt or indorsement back from either of such indorsees, whose names he may strike from the bill or not, as he may think proper." (3 Wheat. 173.) *Lonsdale* v. *Brown*, (3 Wash. C. C. R. 404) was an action against the drawer of a bill of exchange in favor of the payee. "The bill was indorsed in full by the plaintiff to O'Neil, and by O'Neil to one Chancellor. The plaintiff offered the deposition of O'Neil to prove that no consideration passed from C., but that the bill was indorsed to him as agent merely, to receive the amount on account of the indorser. This evidence was objected to on the ground that it was calculated to discredit negotiable paper, on which the witness had placed his name; but Judge Washington, in deciding the question, said: 'There is no weight in this objection; the bill having got into the hands of the payee it is *prima facie* evidence that he has paid the amount of it to those who had a right to call upon him, although it is not indorsed to him by O'Neil or Chancellor.' In this suit, therefore, O'Neil has no interest; nor can it be said that his evidence has a tendency to discredit the bill."

In the case of *Mottram* v. *Mills*, (1 Sandford, 37) it was held, upon full examination of the authorities that a plaintiff's full indorsement of a bill to a subsequent indorsee remaining thereon uncanceled at the trial was no objection to his recovery on it against a prior party, if he produced the bill as holder, and that no transfer or receipt from the subsequent indorsee need be proved to entitle him to recover.

From these decisions, it is apparent the plaintiff in this case was not required to go farther in the proof of his ownership of the note than to produce it at the trial. This he did, and consequently established his ownership and right to sue upon it. Any further evidence on that point was therefore unnecessary. The plaintiff's case being made out without his own testimony of the reindorsement

to himself, the evidence was simply cumulative, and its admission could in no wise prejudice the defendant—hence, he has no ground of complaint in this respect; no error except such as may have prejudiced the appellant's case being available on appeal.

But if it were rendered necessary for the plaintiff to produce proof in support of his title, his pleading was undoubtedly sufficient to admit of it. The material and issuable fact is the ownership; the indorsement is simply one means by which it may be proven, when it is necessary to do so. In this case, the plaintiff's pleading contains the allegation that he is the owner and holder of the note. Under that averment any proof tending to establish the ownership was admissible, whether it were orally or by indorsements on the instrument. It also follows from the rule laid down in the foregoing authorities, that it is unnecessary in a case of this kind for the holder to plead the reindorsement to himself; because, if it be unnecessary to prove it, it is equally unnecessary to allege the fact in the pleading—no fact ever being required to be pleaded which is unnecessary to be proven.

The second error assigned is, that the notes in suit were barred by the Statute of Limitations, and, therefore, that the Court below erred in not so holding; that being one of the defenses relied on in the answer. The facts upon which this assignment is based are these: At the time the notes matured the defendant was not within this State, but shortly after came here at several different times, remaining a few days each time, and again returning to California where he resided. These visits were known to the plaintiff, and it is found as a fact that the aggregate of the time thus spent in the State by the defendant, after the cause of action accrued against him, was not over a month, but that more than four years had elapsed between such visits and the bringing of this action. Upon these facts it is claimed by counsel for defendant that the statute began to run when the defendant first openly visited this State, and continued to run notwithstanding he again immediately returned to California, and has ever since remained there. But we are clearly of opinion that the law admits of no such construction. To make it a bar, the defendant must have been within the State for the full time limited by the statute after the cause of action accrued against him.

Todman *v.* Purdy.

That the statute when once it began to run would continue to run until it constituted a bar, and hence, if it were put in motion by the return to the State of the person against whom a cause of action existed, it would continue to run notwithstanding he might again immediately depart and remain away during the entire period prescribed by the statute, was perhaps the old rule; but section twenty-one of the Statute of Limitations of this State, as amended in 1867, declaring: "If when the cause of action shall accrue against a person he be out of the State, the action may be commenced within the time herein limited after his return to the State; and if after the cause of action shall have accrued he depart the State, the time of his absence shall not be part of the time prescribed for the commencement of the action," has entirely overthrown any such rule, and now the time which the person against whom a cause of action has accrued is out of the State constitutes no part of the time prescribed by the statute within which an action must be commenced. It is true, that if the defendant be absent from the State when the cause of action accrues, his subsequent return puts the statute in motion; but if he departs again before the statute becomes a bar, such departure and absence suspends its running until he again returns to the State. It was formerly held in New York, upon a statute similar to ours, that the second clause of this section had no application to the cases covered by the first clause; that is, if the person were out of the State at the time a cause of action accrued against him, his return put the statute in motion, and that the provision of the latter clause would not apply to any subsequent departure from the State. Such a construction is manifestly opposed to the purpose sought to be effected by the Legislature, and not warranted by the language of the section. We see no reason why the second clause does not as clearly include a person who was out of the State when the cause of action accrued, but subsequently returned and again leaves before the statute becomes a bar, as a person who was within the State at the time the cause of action arose and then departed. A person leaving the State after a cause of action has accrued against him, although he may have been out of the State at the time it arose, certainly comes within the meaning of the language of the

second clause, for he departs the State after the cause of action accrued against him. And so the time of his absence from the State should not be computed in the time limited by the statute for bringing the action. This construction is also in harmony with what is now generally conceded to be the object sought to be accomplished by the adoption of this and similar sections; *i. e.*, to suspend the running of the statute when the person against whom the right of action exists is not within the jurisdiction of the State where it is to be brought. So it is also fully sustained by the later decisions in New York, the earlier cases adopting a different interpretation being repudiated as incorrect. (See *Cole* v. *Jessup*, 10 New York, 96; *Burroughs* v. *Bloomer*, 5 Denio, 532; *Ford* v. *Babcock*, 2 Sandford, 518.)

This being our view of this section of the Act of Limitations, it follows that the statute had not run in this case when the action was instituted, for it is found that the defendant was within the State only for the period of a month after the maturity of the notes.

The judgment of the Court below was correct, and must be affirmed. It is so ordered.

JOHNSON, J., did not participate in the foregoing decision.