THE HARTFORD INSURANCE GROUP as Subrogee of EUGENE J. WIEDENBECK and MARY LOU WIEDENBECK, Appellants, v. STATEWIDE APPLIANCES, INC., and JOSEPH LEE BURCHETT, Respondents.

No. 6248

May 3, 1971                    484 P.2d 569

*Stewart & Horton,* and *Joseph P. Reynolds,* of Reno, for Appellants.

*Erickson & Thorpe,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, C. J.:

The appellate question concerns the appropriate period of limitations in an action for damages that arose under the following circumstances. Hartford, as subrogee of the Wiedenbecks, alleged in two counts that the defendants, Statewide Appliances, Inc., and Joseph Lee Burchett, breached express and implied warranties that a water heater had been converted for the use of propane gas. The prayer for relief requested money damages.

The Wiedenbecks purchased a water heater from Statewide and Burchett about March 24, 1966. They told the sellers that the water heater was to be for the use of propane gas and the sellers warranted it to have been converted from natural gas to propane gas suitable for such use. After installation and use of the water heater on March 24, 1966 there was an explosion and fire which caused damages to the home in the amount of $13,274.19. The cause of the explosion was that the water heater was equipped for use with natural gas, not propane gas. The Wiedenbeck's insurer, Hartford Insurance Group, reimbursed them under their home insurance policy and thereby became subrogated to their rights against the defendants. Three and one half years after the explosion, on October 1, 1969, Hartford filed this action seeking recovery of the $13,274.19 from the sellers of the heater.

The trial court granted the seller's motion to dismiss on the ground that NRS 11.190(3) bars actions for injuries to property not brought within three years of accrual of the cause of

action. Hartford asserts the applicability of the statute of limitations relating to actions on contract, NRS 11.190(2)(c), that is, that an action for breach of express and implied warranties seeking consequential property damages is an action upon a contract obligation or a liability not founded upon an instrument in writing. NRS 11.190(2)(c) would provide a four-year statute of limitation.

1. The pertinent provisions of the limitations statute are as follows:

"NRS 11.190 *Periods of limitations prescribed.* Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:
". . .
"2. *Within 4 years:*
". . .
"(c) An action upon a contract, obligation or liability not founded upon an instrument in writing.
"3. *Within 3 years:*
". . .
"(b) An action for waste or trespass of real property. . . .
"(c) An action for taking, detaining or injuring personal property. . . ."

The nature of the action is one of damages to the home. The record does not specify the division of the damage apportioned to the realty as it is commonly understood, and to the personalty, such as furniture, clothing and appliances. The word "home" singularly used in the pleadings implies under the circumstances of this action that personalty is included in the term. *Cf.* Re Stephan's Will, 98 N.Y.S.2d 416 (Sur.Ct. 1950), wherein the court held that furniture may pass under a devise of "the home" if no mention of the furniture is otherwise made. *But see* Meyer v. Benelli, 415 P.2d 415 (Kan. 1966); Annot. 29 A.L.R.3d 574 § 8 (1970). We must treat this case as involving damage both to real property and personal property, therefore.

2. It is manifest from the complaint that this is an action for damage upon a claim for property injuries. The term "action" in NRS 11.190(3) refers to the nature or subject matter and not to what the pleader says it is. *Cf.* Santor v. A and M Karagheusian, Inc., 207 A.2d 305 (N.J. 1965). We look to the real purpose of the complaint which in this case

does not seek recovery for a breach of an agreement to sell, but instead claims recovery for damages to property. This case does not involve the relations between the parties except that the liability is predicated upon a duty on the part of the seller, not upon the obligations created by their contract to sell. Automobile Ins. Co. of Hartford v. Union Oil Co., 193 P.2d 48, 51 (Cal.App. 1948); Howe v. Pioneer Manufacturing Company, 68 Cal.Rptr. 617 (Cal.App. 1968); District of Columbia Armory Board v. Volkert, 402 F.2d 215 (D.C. Cir. 1968); Friedman v. Peoples Service Drug Stores, Inc., 160 S.E.2d 463 (Va. 1968); Andrianos v. Community Traction Co., 97 N.E.2d 549 (Ohio 1951).[1] This action may not be said to be upon a contract insofar as it seeks recovery for injuries to personal property because NRS 11.190(3)(c) specifically governs such an action.

3. On the other hand, NRS 11.190(3) is void of any specific provision for damage to realty except insofar as NRS 11.190(3)(b) makes provision for waste or trespass. We will not strain our imagination to label this action for trespass on the case as one in "trespass" as that term is used in this statute. *Cf.* Norwood v. Eastern Oregon Land Co., 5 P.2d 1057 (Ore. 1931); and Battles v. Nesbit, 27 A.2d 694 (Pa. Super. 1941).

Nor do we choose to construe the term "liability" as it is used in NRS 11.190(2)(c), so as to turn that statute into a catch-all statute. Rather, NRS 11.220,[2] the catch-all statute, is appropriate. We note that the California code, from which NRS 11.190 was taken, formerly spoke only of trespass upon real property but was amended in 1921 to speak also of "injuries to real property." Apparently the draftsmen of the earlier statute did not foresee trespass on the case actions for damage to real property. Though California has corrected this oversight, the Nevada legislature has not. Therefore, rather than abuse the terms "trespass" or "liability," we deem the part of this action which seeks recovery for damages to real property

---

[1] We need not address at length the question of classification of an implied warranty action as "tort," "contract," or neither, though this presents a timely question of much significance. Jaeger, Product Liability: The Constructive Warranty, 39 Notre Dame Law. 501 (1964); Schwarts, A Products Liability Primer, 33 J. Am. Trial Law. Ass'n 64, 92 (1970).

[2] NRS 11.220: *Action for relief not hereinbefore provided for.* An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued.

as falling within NRS 11.220. *But see* Italiani v. Metro-Goldwyn-Mayer Corporation, 114 P.2d 370 (Cal.App. 1941); and Comment, 9 Cal.L.Rev. 71 (1920).

Suit for recovery of damages to the personalty is barred by NRS 11.190(3)(c). Suit for recovery of damages to the realty is not covered by NRS 11.190, but instead falls within NRS 11.220.

Reversed and remanded for further proceedings in accordance with this opinion.

BATJER, MOWBRAY, and THOMPSON, JJ., and MANN, D. J., concur.