VIRGINIA PAUL WALZ, Appellant, v. CLINTON EARL HOOD, and UNION CAB COMPANY, a Nevada Corporation, Respondents.

No. 6397

June 28, 1971            487 P.2d 344

*Foley Brothers,* of Las Vegas, for Appellant.

*Austin & Thorndal,* of Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

Appellant Walz, who allegedly sustained personal injuries

while a passenger for hire in taxicab owned by respondent Union Cab Company and negligently operated by respondent Hood, has appealed from a Judgment on the Pleadings determining that NRS 11.190(4)(e), which allows only two years to commence "[a]n action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another," bars the three "claims" stated in appellant's Second Amended Complaint. We affirm the judgment, deciding that although the second and third "claims" allude to duties legally implied from her relationship with respondents, appellant's claims are not within NRS 11.190 (2)(c), which allows four years to commence "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing."

By similar pleading techniques, the appellant in Hartford Ins. v. Statewide Appliances, 87 Nev. 195, 484 P.2d 569 (1971), attempted to remove an action for injuries to personalty from the three-year limitation of NRS 11.190(3)(c), and to bring it within the ambit of NRS 11.190(2)(c). On the basis of detailed examination of principle and precedent, we said: "The term 'action' in NRS 11.190(3) refers to the nature or subject matter and not to what the pleader says it is. * * * This action may not be said to be upon a contract insofar as it seeks recovery for injuries to personal property because NRS 11.190(3)(c) specifically governs such an action." 87 Nev., at 197. So, equally, NRS 11.190(4)(e) specifically governs the instant case.

Appellant relies most heavily upon Forrester v. S. P. Co., 36 Nev. 247, 134 P. 753 (1913), deciding that a suit by one who sustained injuries flowing directly from his having been wrongfully ejected from defendant's train, contrary to the terms of his ticket, survived his death as one in "contract." There we expressly noted: "If the action were for some insult, assault, or tortious act of the train agent not connected with the breach of contract, and Forrester had been given passage in compliance with the terms of the ticket, the provision of the statute for survival of all actions founded upon contract would not apply." 36 Nev., at 273. The instant case differs from the Forrester case, in its facts and as to the statute under consideration [see: Compton v. Evans, 93 P.2d 341 (Wash. 1939)];

thus, we adhere to the principle of Hartford Ins. v. Statewide Appliances, supra.[1]

The judgment is affirmed.

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[1]It would appear appellant's counsel were misadvised regarding the date the accident occurred and, upon learning the correct date, have made every effort to salvage the action by filing an amended pleading and taking this appeal.