STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT, v. DEVOLA M. WHARTON, RESPONDENT.

No. 6602

March 30, 1972                    495 P.2d 359

*Rose & Norwood, Ltd.,* and *Keith Edwards,* of Las Vegas, for Appellant.

*Beckley, DeLanoy & Jemison, Chartered, Jay H. Brown,* and *Alvin B. Maupin,* of Las Vegas, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

State Farm Automobile Insurance Company, as subrogee of its named insured, Murwyn H. Fain, sued Devola M. Wharton for $14,875, representing moneys that State Farm had paid under the provisions of the uninsured motorist clause of its automobile insurance policy to Murwyn H. Fain and his passengers—his wife, Vyrle, and Floyd and Veda Jones—all of whom were injured in an accident involving the Fain vehicle and one driven by Respondent Devola M. Wharton.

Wharton filed a motion to dismiss the complaint on the ground that the action was barred by the 2-year statute of limitations, NRS 11.190, subsection 4(e).[1] According to State Farm's complaint, which was filed on December 15, 1970, the accident occurred in Las Vegas, Nevada, on February 26, 1967. The district judge granted the motion, and he dismissed the complaint. Hence, this appeal.

Two issues are presented for our consideration on this appeal: (1) When does the statute of limitations start to run where an insurance company seeks recovery as a subrogee under the terms and conditions of an uninsured motorist provision of an insurance policy? (2) What statute of limitations is applicable in such a case?

State Farm has suggested that the present action sounds in contract and therefore perhaps the 6-year statute, NRS 11.190, subsection 1(b),[2] governs. Or the 3-year statute, NRS 11.190, subsection 3(a),[3] may be applicable. Or the "catchall" 4-year statute, NRS 11.220,[4] perhaps should be applied.[5] State Farm's counsel argues that the instant action is "unique" and is predicated on and permissible only because of the provisions of NRS 41.100, subsection 4, which states: "The provisions of this section [prohibiting the assignment of claims for personal injuries] shall not prevent subrogation suits under the terms

---

[1]NRS 11.190:

"Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

". . .

"4. *Within 2 years:*

". . .

"(e) An action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another. . . ."

[2]"1. *Within 6 years:*

". . .

"(b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter."

[3]"3. *Within 3 years:*

"(a) An action upon a liability created by statute, other than a penalty or forfeiture."

[4]NRS 11.220:

"An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

[5]The scant record on appeal consists of the complaint, respondent's motion to dismiss, the points and authorities in support thereof and in opposition thereto, and the judge's brief order granting the motion.

and conditions of an uninsured motorists' provision of an insurance policy." Because of its "uniqueness," State Farm argues, the action is not barred by the 2-year personal injury statute and must fall into some other category.

In Hartford Ins. Group v. Statewide Appliances, Inc., 87 Nev. 195, 484 P.2d 569 (1971), the subrogee insurance company sought recovery for property damages. The company claimed that the 6-year statute of limitations was applicable because the action was predicated on a contract. This court rejected that contention and ruled (87 Nev. at 197, 484 P.2d at 571) that one must look to "the real purpose of the complaint." We cited the case of Automobile Ins. Co. v. Union Oil Co., 193 P.2d 48, 50–51 (Cal.App. 1948), which held:

"In determining whether an action is on the contract or in tort, we deem it correct to say that it is the nature of the grievance rather than the form of the pleadings that determines the character of the action. If the complaint states a cause of action in tort, and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence of or breach of a contract. In other words, it is the object of the action, rather than the theory upon which recovery is sought[,] that is controlling." (Citations omitted.)

We believe that the present action sounds in tort. Therefore, the 2-year statute of limitations is applicable and starts to run from the date the injuries were incurred.

State Farm urges that California has provided a 3-year "built-in" statute in these cases, which commences to run when the insurer has actually made payment under the policy. This is true as provided in Cal. Ins. Code § 11580.2(g) (West 1972).[6] But the 3-year statute is only part of the statutory scheme provided by California. For example, California also requires by statute that no cause of action shall accrue to the named insured under the uninsured motorist coverage unless within 1 year from the date of the accident (1) suit for bodily injury has been filed against the uninsured motorist or (2) agreement as to the amount due under the policy has been concluded or (3) the

---

[6]Cal. Ins. Code § 11580.2(g):
"The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person causing such injury or death to the extent that payment was made. Such action may be brought within three years from the date that payment was made hereunder."

insured has formally instituted arbitration proceedings. See Cal. Ins. Code 11580.2(i) (West 1972).

"... [T]he California courts have repeatedly held that compliance with the statute is a condition precedent to any determination of the insured's claim, and that whether a claim is barred by the one-year period of limitations is a matter for judicial determination (and not a matter to be decided by an arbitration); ... a three-year statute of limitations governs the right of an insurance company to assert its subrogation claim after having compensated a claimant under this coverage.

"...

"Thus far, California is the only state to have clarified the problem by enacting legislation which specifies a statute of limitations against the insured under the uninsured motorist coverage. . . ." (Footnotes omitted.) A. Widiss, A Guide to Uninsured Motorist Coverage §§ 2.24, 2.25 at 54 (1969).

We conclude that Nevada's 2-year statute is applicable in the instant case and that it commences to run from the date the injuries of the insured were incurred. To rule otherwise would mean that an insurance company could withhold payment under the uninsured motorist policy for an unlimited period and then after payment seek recovery as the subrogee of its insured. Such practice would delay the settlement and disposition of such cases.[7]

---

[7]While appellant suggests that inequities may occur under our law as we interpret it, the procedures available under our rules are sufficiently flexible to enable an insurance carrier to preserve its right in the event it cannot settle with its insured within 2 years. We recently annulled a legislative enactment that was contrary to a procedural rule established by this court and that allowed carriers to defer interminably their obligations under uninsured motorist policies. We reaffirmed our holding that a carrier is bound by the result of an action between its insured and an uninsured motorist when the carrier has notice of the action but elects not to intervene. State Farm Mut. Auto. Ins. Co. v. Christensen, 88 Nev. 160, 494 P.2d 552 (1972); Allstate Ins. Co. v. Pietrosh, 85 Nev. 310, 454 P.2d 106 (1969). If a carrier desires to press a subrogation claim against an uninsured motorist, it may intervene in any timely action commenced by its insured as contemplated by our holdings in the Pietrosh and Christensen cases. Alternatively, it may commence a timely action against the tort-feasor alleging the carrier's liability to the insured for the damages the tort-feasor has caused, the carrier's intent to discharge that liability, and its own right to be subrogated to the insured's rights upon payment. In the latter case, the carrier can make the insured a party to resolve any remaining disputes, in proceedings binding upon all parties—a result the carrier should desire.

Where only the insurance contract allows for subrogation and a

The judgment is affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

subrogated carrier must therefor sue in the name of its insured, it has been said:

"Under the Trust Agreement, between carrier and insured, carrier may force insured to bring a lawsuit against uninsured motorist, and therefore any lost remedy incurred by the carrier as to its right of subrogation, was due to its own negligence." (Footnote omitted.) Feldman, *Uninsured Motorist Coverage,* A. B. A. Section of Insurance, Negligence and Compensation Law, 1968–1969 Proceedings 370, 381 (1969).

There is surely less reason for delay where the carrier is vested by statute with a right to subrogation and may sue in its own name. Therefore, if insurance carriers will utilize available procedures with the diligence we require of other litigants, they can adequately protect their rights. In this case, the carrier unfortunately allowed the statute of limitations to bar an action based on its insured's personal injuries. We see no occasion, however, to extend the normal statute of limitations to aid appellant or other carriers who may sleep on their rights. The policy of allowing 2 years to seek recovery for personal injuries applies equally when the injured person has uninsured motorist coverage and when he does not. In any event, change in our statutory law, if desirable, must come from the Legislature.