BASILOUS BLOTZKE, Also Known as BILL BLOTZKE, Appellant, v. THE CHRISTMAS TREE, INC., a Nevada Corporation; F. ALBERT KUCKHOFF and JEAN KUCKHOFF, as Individuals and Doing Business as THE CHRISTMAS TREE; HERBERT P. BECK, et al., Respondents.

No. 6757

July 26, 1972 499 P.2d 647

*Hibbs & Bullis* and *Stan L. Lyon,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon* and *Jon J. Key,* of Reno, for Respondents The Christmas Tree, Inc., F. Albert Kuckhoff and Jean Kuckhoff.

*Richard P. Wait,* of Reno, for Respondent Herbert P. Beck.

## OPINION

By the Court, Thompson, J.:

The district court ruled that this personal injury action,

commenced by an employee, Bill Blotzke, against his employers, F. Albert and Jean Kuckhoff, d.b.a. The Christmas Tree, and a licensed Nevada contractor, Herbert P. Beck, was barred by the two-year statute of limitations [NRS 11.190 (4)(e)], and ordered it dismissed. This appeal is from that order.

The appellant contends that his action was timely commenced since he alleged a breach of an implied contract to provide a safe place to work, thus avoiding the bar of limitations applicable to personal injuries and gaining the benefit of a longer period of time within which to commence suit. Moreover, that the contractor Beck was absent from the state much of the time and that the running of the statute was tolled [NRS 11.300] with respect to the claim asserted against him. Neither contention has merit.

The gravamen of this action is in tort to recover damages for personal injuries and is to be so treated in considering the bar of limitations. Walz v. Hood, 87 Nev. 319, 487 P.2d 344 (1971); State Farm Mut. Auto. Ins. v. Wharton, 88 Nev. 183, 495 P.2d 359 (1972); Hartford Ins. v. Statewide Appliances, 87 Nev. 195, 484 P.2d 569 (1971).

The non-resident contractor Beck was continuously engaged in business in Nevada and amenable to both personal service of process and to substituted service thereof by reason of the "minimum contacts" he had established with this state. Gambs v. Morgenthaler, 83 Nev. 90, 423 P.2d 670 (1967); Certain-Teed Prods. v. Dist. Ct., 87 Nev. 18, 479 P.2d 781 (1971). His absence from the state is immaterial in these circumstances since he was continuously liable to service of process. Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966).

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.