**Ronald SEELY, Plaintiff,**

v.

**ILLINOIS–CALIFORNIA EXPRESS, INC., and Gerald Merchant, Defendants.**

**No. Civ. LV 81–704 RDF.**

United States District Court, D. Nevada.

June 25, 1982.

**1308**

Vincent Ochoa, Las Vegas, Nev., for plaintiff.

Beckley, Singleton, DeLanoy & Jemison, by Drake DeLanoy, Las Vegas, Nev., for defendants.

### ORDER DENYING MOTION TO DISMISS

ROGER D. FOLEY, District Judge.

On October 29, 1981, plaintiff Ronald Seely filed a complaint with this Court alleging personal injuries and property damage as the result of a two-vehicle accident occurring on October 25, 1979. Plaintiff is a resident of the State of Nevada. Defendant Illinois-California Express, Inc., is a Nebraska corporation with its principal place of business in Denver, Colorado. Defendant Gerald Merchant is a resident of the State of California. This is a diversity suit involving a sum in excess of $10,000.

It is alleged that plaintiff, while operating a tractor-trailer in an easterly direction on Interstate 40 in Yavapai County, Arizona, collided with a tractor-trailer that was negligently parked on the side of the road. The tractor-trailer was allegedly operated by defendant Gerald Merchant and owned by defendant Illinois-California Express, Inc.

██ There is nothing in the record to indicate that either of the defendants had sufficient contacts with the State of Nevada for this Court to have personal jurisdiction over the defendants. See *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Metal-Matic, Inc. v. Eighth Judicial District Court*, 82 Nev. 263, 415 P.2d 617 (1966). However, the defendants have filed a motion to dismiss on the basis that the claims are barred by the statute of limitations, thereby entering a general appearance and thereby waiving the defense of lack of personal jurisdiction pursuant to Rules 12(g) and 12(h)(1)(A), Federal Rules of Civil Procedure.

The defendants assert that plaintiff's claims for personal injury arising from the incident are barred by the applicable two-year statute of limitations. NRS 11.190.-4(e). Plaintiff asserts that the statute of limitations was tolled both as to the individual defendant and the defendant foreign corporation pursuant to NRS 11.300, which provides as follows:

"Absence from state suspends running of statute.

If, when the cause of action shall accrue against a person, he be out of the state, the action may be commenced within the time herein limited after his return

to the state; and if after the cause of action shall have accrued he depart the state, the time of his absence shall not be part of the time prescribed for the commencement of the action."

█ The defense that a claim is barred by the statute of limitations is a procedural matter governed by the law of the forum, in this case Nevada law. Cf. *Aberding v. Brunzell*, 601 F.2d 474, 476 (9th Cir. 1979). In Nevada, the case law interpreting NRS 11.300 as it applies both to out-of-state individuals and foreign corporations is complex and has changed over time.

As for individuals, the statute was first interpreted by the Nevada Supreme Court in the case of *Todman v. Purdy*, 5 Nev. 238 (1869). The Court gave the facts and law concerning the statute as follows:

"At the time the note matured the defendant was not within this state, but shortly after came here at several different times, remaining a few days each time, and again returning to California where he resided. These visits were known to the plaintiff, and it is found as a fact that the aggregate of the time thus spent in the state by the defendant, after the cause of action accrued against him, was not over a month, but that more than four years had elapsed between such visits and the bringing of this action. Upon these facts it is claimed by counsel for defendant that the statute began to run when the defendant first openly visited this state, and continued to run notwithstanding he again immediately returned to California, and has ever since remained there. But we are clearly of opinion that the law admits of no such construction. To make it a bar, the defendant must have been within the state for the full time limited by the statute after the cause of action accrued against him."

Id at 242.

In other words, the statute of limitations was tolled by what is now NRS 11.300 any time the defendant individual left the state. A statute of limitations could bar an action only if the individual defendant was actually present in the state for a total amount of time equal to the time period of the specific statute of limitation.

As for foreign corporations, the rule in Nevada became that a foreign corporation could not avail itself of the statute of limitations. See *Nevada-Douglas Consol. Co. v. Berryhill*, 58 Nev. 261, 267, 75 P.2d 992 (1938). This rule was first stated in the case of *Sutro Tunnel Co. v. Segregated Belcher Mining Co.*, 19 Nev. 121, 7 P. 271 (1885). In that case, a Nevada corporation brought suit against a California corporation to recover the amount due for the construction of part of a tunnel. An issue in the case was whether a foreign corporation, being absent from the state, could assert the statute of limitations as a defense. The Court held that what is now NRS 11.300 applied to foreign corporations and that no foreign corporation could avail itself of the statute of limitations.

This was the law in Nevada as to foreign corporations until the Legislature enacted NCL § 1848 in 1907. The law provided that if a foreign corporation doing business in Nevada kept a resident agent for service of process, then the foreign corporation would be entitled to the benefit of laws limiting the time of commencement of actions. The amended version of that law appears at NRS 80.090 as follows:

"Limitations of actions. If a foreign corporation doing business in this state maintains and keeps in the state a resident agent as provided by NRS 80.060 and files or has microfilmed the papers, documents and instruments required by NRS 80.010 to 80.040, inclusive, it shall be entitled to the benefit of the laws of this state limiting the time for the commencement of civil actions."

The Nevada courts construed this law in a strict manner. In *Nevada-Douglas Consol. Copper Co. v. Berryhill*, 58 Nev. 261, 75 P.2d 992 (1938), a Nevada resident sued a Utah corporation for money due on a promissory note made in the State of Utah. The Utah corporation had not complied with NCL § 1848. The Court held that the statute of limitations was not available as a defense because NCL § 8532 (NRS 11.300) tolled the statute of limitations unless the

foreign corporation had complied with NCL § 1848. Cf. *Fauchier v. McNeil Constr.*, 84 F.Supp. 574, 575 (D.Nev.1949).

This construction of the law by the Nevada courts has now become a minority position across the country. The majority view is that a foreign corporation or a nonresident individual is entitled to the benefit of the statute of limitation if amenable to service of process during the running of such a statute. See *Dedmon v. Falls Products, Inc.*, 299 F.2d 173 (5th Cir. 1962); *Tarter v. Insco*, 550 P.2d 905 (Wyo.1976); 36 Am.Jur.2d, *Foreign Corporations* § 73. This view was adopted because of the expansion of service of process brought about by the adoption of long-arm statutes and decisions of the United States Supreme Court expanding personal jurisdiction of state courts. A party no longer had to be physically within the state or register in the state in order for the state to gain jurisdiction over that party as long as the person or corporation had certain "minimum contacts" with the state.

The Nevada Supreme Court has followed the modern trend in the law in regard to individual defendants. In *Bank of Nevada v. Friedman*, 82 Nev. 417, 420 P.2d 1 (1966), the issue was whether a resident defendant's temporary absence from Nevada tolled the running of the statute of limitations against a cause of action on a promissory note if service of process could have been effected pursuant to NRCP 4(d)(6), which allows for leaving a copy of the summons and complaint at the defendant's dwelling house with some person of suitable age and discretion residing therein. The court specifically stated that *Todman v. Purdy*, 5 Nev. 238 (1869), was decided at a time when service of summons had to be made personally. The Court then stated the following:

"It has been held that the true test of the running of the statute of limitations is the liability of the party invoking its bar to the service of process during the whole of the period described. *Dedmon v. Falls Products, Inc.*, 299 F.2d 173 (5th Cir. 1962). If there is continuous liability to service, the absence of the resident defendant would seem to be immaterial."

The Court went on to hold that the temporary absence of the defendant was immaterial if service of process could otherwise be effected pursuant to NRCP 4(d)(6).

The Nevada Supreme Court also applied the modern rule in the case of *Blotzke v. Christmas Tree, Inc.*, 88 Nev. 449, 499 P.2d 647 (1972). In that case, an employee brought a personal injury action against various defendant employers, including a nonresident licensed Nevada contractor. The plaintiff argued that the statute of limitations was tolled because the defendant contractor was absent from the state much of the time. The Court held:

"The non-resident contractor Beck was continuously engaged in business in Nevada and amenable to both personal service of process and to substituted service thereof by reason of the 'minimum contacts' he had established with this state. *Gambs v. Morgenthaler*, 83 Nev. 90, 423 P.2d 670 (1967); *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 87 Nev. 18, 479 P.2d 781 (1971). His absence from the state is immaterial in these circumstances since he was continuously liable to service of process. *Bank of Nevada v. Friedman*, 82 Nev. 417, 420 P.2d 1 (1966)."

[3–6] The Nevada Supreme Court has completely rejected the archaic rule of *Todman v. Purdy*, 5 Nev. 238 (1869) and adopted the modern rule of amenability to service of process as to individual defendants. However, the Nevada Supreme Court has not yet addressed or overruled the holding of *Nevada-Douglas Consol. Copper Co. v. Berryhill*, 58 Nev. 261, 75 P.2d 992 (1938), that foreign corporations can avail themselves of a statute of limitations only by complying with what is now NRS 80.090 concerning appointment of a resident agent. But the Nevada Legislature has greatly expanded service of process on foreign corporations. NRS 14.065 is Nevada's long-arm statute and provides for service of process on a party outside of the state as long as the party has the "minimum contacts" with the state required by due process. *Certain-Teed Products Corp. v. Second Judicial District Ct.*, 87 Nev. 18, 479 P.2d 781 (1971). NRS 14.080 provides for service of process

on foreign manufacturers in cases of product liability. These statutes certainly reach foreign corporations that cannot be considered merely "doing business" in the state as that concept is incorporated into NRS 80.090.

This Court believes that the tolling statute, NRS 11.300, was meant to protect claims of plaintiffs who were unable to bring a particular defendant into court. But where a particular defendant has been amenable to service of process, the plaintiff should not be able to assert a stale claim based on archaic notions of a particular defendant's "absence" from the jurisdiction. It is this Court's belief that the Nevada Supreme Court would overturn the rule contained in *Nevada-Douglas Consol. Copper Co. v. Berryhill*, 58 Nev. 261, 75 P.2d 992 (1938), and hold that NRS 11.300 does not toll the statute of limitations against a foreign corporation so long as the foreign corporation is amenable to service of process under the laws and rules of the State of Nevada.

In this case, there are not enough facts before this Court to indicate whether either defendant was originally amenable to service of process. This issue may be better addressed by a motion for summary judgment. The motion to dismiss is hereby denied.