ST. PAUL FIRE & MARINE
INSURANCE COMPANY,
Plaintiff,

v.

SAUER ELECTRIC, INC., an Alaska
corporation, et al., Defendants.

No. F85–23 CIV.

United States District Court,
D. Alaska.

Nov. 28, 1986.

William P. Hight, Hight & Green, Seattle, Wash., R.R. De Young, Wade & De Young, Anchorage, Alaska, for plaintiffs.

Michael P. McConahy, Call, Barrett & Burbank, Fairbanks, Alaska, for Sauer Electric.

Jacob H. Allmaras, P.C., Anchorage, Alaska, for Urethane Specialties.

Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, Alaska, for Schusters & Alaska Quality Insulators.

## DECISION ON SUMMARY JUDGMENT MOTION

KLEINFELD, Judge.

St. Paul claims damages, as a fire insurer subrogated to the rights of its insured, against Sauer Electric and others allegedly responsible for the fire which destroyed the Pizza Hut building on College Road in Fairbanks. Federal jurisdiction is based on diversity. 28 U.S.C. § 1332 Alaska law controls under *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The fire occurred March 11, 1983. The lawsuit was filed September 20, 1985. The first claim alleges that Sauer Electric's "negligence and carelessness" caused the fire damage, in that a light switch was "negligently and defectively installed [by Sauer Electric] during construction of the restaurant in such a manner that the conductor insulation deteriorated over time causing an arc to occur." The second claim alleges that "sale and incorporation" of defective materials and "failure to adequately warn" require strict liability. The third claim alleges breach of an "implied covenant" to provide "safe, merchantable materials, installed in accordance with the highest standards of workmanship."

Defendant Sauer Electric has moved for summary judgment as to the claims for damage to the real property, on the theory that Alaska's two year statute of limitations bars the action.

The material facts are not in dispute. The sole question for this court is whether Sauer Electric is entitled to judgment as a matter of law, under the two year statute of limitations, or whether Alaska's six year statute applies.

The two year and six year statutes in Alaska are commonly called the "tort" and "contract" statutes, though these popular names are oversimplifications. The two year statute reads:

No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for *any injury to the person or rights of another not arising on contract* and not specifically provided otherwise; (2) upon a statute for forfeiture or penalty to the state; or (3) upon a liability created by statute,

other than a penalty or forfeiture; unless commenced within *two years*. [AS 09.10.070, emphasis added]

The six year statute reads:

No person may bring an action (1) *upon a contract or liability, express or implied,* excepting those mentioned in AS 09.10.040 or 09.10.055; (2) for waste or trespass upon real property; or (3) for taking, detaining, or *injuring personal property,* including an action for its specific recovery, except those mentioned in AS 09.10.055; unless commenced within *six years*. [AS 09.10.050, emphasis added]

The plaintiff's argument depends upon the underlined portion of the six year statute, for actions "upon a contract or liability, express or implied." Sauer Electric's argument is based entirely upon the underlined portion of the two year statute, "injury to the ... rights of another not arising on contract."

Although the plaintiff suggests that the ten year statute, AS 09.10.100 for "a cause not otherwise provided for" may apply if the six year statute does not, it has offered no authority for its application to similar facts. This court sees no basis in Alaska law for application of the more general catch-all language in the ten year statute, "a cause not otherwise provided for," as opposed to the more specific catch-all language in the two year statute, "any injury to the person or rights of another not arising on contract." Destruction of the building by fire was an "injury to the ... rights" of the owner, if caused by some actionable wrong. If the "injury" were "arising on contract," then the six year statute would apply; if the six year statute does not apply, then the two year statute does.

The parties agree that in the factual context of this case, the four year statute under the Uniform Commercial Code as adopted in Alaska does not apply, under *Sinka v. Northern Commercial Co.,* 491 P.2d 116 (Alaska 1971). *Sinka,* involving burns from exploding "pearl kerosene", held that the four year UCC period applied to warranty claims arising out of sale of goods, even where the damages were for personal injuries. Moreover, the parties agree that AS 09.10.055, applicable to certain construction claims, does not bar this claim.

*Silverton v. Marler,* 389 P.2d 3 (Alaska 1964), applied the two year tort statute, not the six year contract statute, to a slip and fall case, despite plaintiff's argument that the lodge's duty to her was implied by and arose under her contract as a paying guest. The court reasoned that "negligent conduct is tortious," and the basis for liability was found in the law of torts. Id. 4.

*Austin v. Fulton Insurance Co.,* 444 P.2d 536 (Alaska 1968) on rem. 498 P.2d 702 (Alaska 1972) applied the two year statute to a claim that an insurance agent had breached his implied warranty to obtain adequate coverage for the insured. Despite the language of the complaint, framing this claim as breach of contract, the court found that the "gist or gravamen" was misrepresentation that insurance had been procured, and negligence in procuring insurance, which are "tort concepts."

This court had occasion to examine the Alaska statutory scheme in 1973, in *Anderson v. Fairchild Hiller Corp.,* 358 F.Supp. 976 (D.Alaska 1973). A person injured by the tail rotor blade of a helicopter brought a products liability case against the manufacturer more than two years after the accident. The court held that claims on a negligence theory were barred, claims on a UCC warranty theory were timely pursuant to *Sinka,* lack of privity excluded any UCC claim, and strict liability claims were barred. The court characterized Alaska's two year statute as applying to the residue of claims not covered by other, more specific statutes:

... AS 09.10.070 is a "residual" statute in that it governs all claims for injury to the person unless "specifically provided otherwise" in some other statute. *Id.* 978

The court characterized strict liability as having its immediate genesis in warranty theory, but stemming ultimately from fraud, and "more nearly akin to tortious negligence than to contractual warranty....." *Id.*

The two year statute, not the six, was held to apply to a client's malpractice action against a lawyer in *Van Horn Lodge, Inc. v. White*, 627 P.2d 641, 643 (Alaska 1981). The court reasoned that even though the contract between client and lawyer gave rise to the duty, the duty was one of reasonable care, so "the essence of Van Horn's complaint was negligence, and the gravamen thereof lies in tort." A dissent spoke to other issues, but not this one.

In contrast to the form of analysis used in the Alaska Supreme Court decisions applying the two year statute, the cases applying the six year statute look to the precise statutory language. This contrast is analogous to the contrast between the broad catch-all language in the two year statute and the narrow form, absence of catch-all language, and use of terms of art in the six year statute.

The six year statute was applied to an action against a bank for allegedly converting checks in *Vest v. First National Bank*, 659 P.2d 1233 (Alaska 1983). The court held that such a claim fell within the statutory language, "for taking, detaining or injuring *personal* property." [emphasis added]

*McKibben v. Mohawk Oil Co., Ltd.*, 667 P.2d 1223 (Alaska 1983) was a gold mine royalty dispute, arising out of a claim for "waste." The court held that even if the claims sounded in tort, the six year statute applied to such claims for "waste."

The six year statute was held to apply to strict liability and negligence claims for "injury to tangible personal property" in *Kodiak Electric Assn. v. Delaval Turbine, Inc.*, 694 P.2d 150 (Alaska 1984) on reh. 696 P.2d 665 (Alaska 1985). The court reasoned that "by its plain terms" the six year statute applied to actions for "injuring personal property." *Id.* 155.

The electrical contractor's position in the case at bar resembles the lawyer's position in the *Van Horn Lodge* case. His duty arose because of a contractual relationship, but was a duty to perform in a workmanlike manner, similar for purposes of this analysis to the lawyer's duty to perform with reasonable care in *Van Horn Lodge*. The *Van Horn Lodge* construction of the language in the six year statute, "upon a contract or liability, express or implied" would be the same for the case at bar. If the averments of the complaint were proved, a jury would find that the fire occurred because Sauer Electric was not reasonably careful, and the damages sought are those flowing from lack of reasonable care.

*Van Horn Lodge* cites *Pepsi Cola Bottling Co. v. Superior Burner Service Co.*, 427 P.2d 833 (Alaska 1967). Pepsi Cola Bottling had hired Superior Burner to repair a boiler. The boiler allegedly was damaged because the repair was not performed carefully and the repairmen failed to give adequate warnings of the temporary character of the repair they had done. The Alaska Supreme Court held that the bottler was not entitled to a jury instruction on breach of implied warranty to repair the boiler in a workmanlike manner. The trial court properly sent the case to the jury on a negligence instruction alone. The court reasoned that the standard of care was the same as the tort standard, and it was "imposed by law and not by any term of the parties' agreement," so "in such a situation we believe that the gravamen of appellant's lawsuit is in tort for negligence." *Id.* 841.

Although *Pepsi Cola Bottling* does not address statute of limitations issues, the court in *Van Horn Lodge* cited it as applicable to a statute of limitations issue, and its reasoning is very much in point. Reading the two cases together, the conclusion is inescapable that the gravamen of the

case at bar is in tort, and the two year statute applies.

Under *Van Horn Lodge,* and the other cases cited above, the Alaska Supreme Court would treat the damage to the real estate as being subject to the two year "residual claims" statute. The contract claims alleged are "in essence," as the Alaska Supreme Court would put it, for breach of a duty of reasonable care, so their gravamen is tort. Under Alaska law, a plaintiff cannot escape the two year statute by framing a complaint for breach of a duty of reasonable care as a contract complaint for breach of the implied duty to perform the contract in a workmanlike manner.

The plaintiff would have the court read the six year statute to include claims for damages to real property, because such a reading

> prevents a result which would bar the suit for damages to the real property destroyed in the fire on a negligence theory but permit an action in negligence for destruction of the personal property lost in the same fire.

The words of the statute, however, cannot be reconciled with this reading. The legislature carefully provided for actions relating to real property in subsection 2, and personal property in subsection 3:

> (2) for waste or trespass upon real property; or (3) for taking, detaining, or injuring personal property, including an action for its specific recovery.....

The legislature used words of art to limit the classes of real property actions covered by the statute to "waste" and "trespass." Subsection (3) regarding personal property is much broader. The Alaska Supreme Court has taken a literal approach to the statute. The Alaska legislature is clearly empowered to set up the scheme regarding limitations which the courts must follow. This court cannot reason that six years ought to be the period for injury to real property, by analogy to the period for personal property, where the language of the statute does not allow for such reasoning.

That the Alaska Supreme Court has repeatedly applied the six year statute to tort actions for injury to tangible personal property, as in *Kodiak Electric* and *Vest,* does not help the plaintiff. Such applications evidence the literal approach that court has taken to the statute. Regarding the real property, the plaintiff could obtain the benefit of the statute only by showing that its claim was for "waste" or "trespass upon real property." Such a showing cannot be made.

Sometimes, because it develops historically rather than as a comprehensive scheme of deduction and logic, the law contains inconsistencies difficult to reconcile with logic or policy. Allowing six years for negligent damage to personal property, but only two years for negligent damage to real property, may be such an anomaly.

When Alaska became a territory, it copied its six year statute from Hill's Ann. Laws Ore. § 6 (1892), except that the subsection for statutory penalties was moved to the two year statute. Carter's Ann. Alaska Codes, title 2 § 6; F. Brown, The Sources of the Alaska and Oregon Codes, 2 UCLA–Alaska L.Rev. 15, 87 (1972). That the territorial legislature made a change indicates that it gave some thought to the content of the statute. As for its reasons for the distinction between the treatment of real and personal property, the territorial legislature did not explain itself to the courts, nor was it obliged to do so.

For some time the Oregon approach to interpreting the statute was to hold that the six year period applied only to the common law action for "trespass," and that "trespass on the case" was governed by the two year statute. *Dalton v. Kelsey,* 58 Or. 244, 114 P. 464 (1911); *Norwood v. Eastern Oregon Land Co.,* 139 Or. 25, 5 P.2d 1057 (1931), on reh. 139 Or. 25, 7 P.2d 996. Perhaps responding to the anachronism in having to refer to ancient common law terms of art, the Oregon legislature

amended the six year statute in 1973. Now the Oregon language on real property resembles in generality the language on personal property:

> trespass upon or for interference with or injury to any interest of another in real property, except.... ORS 12,000(3)

Alaska has retained the old statutory language. Under the Alaska statute, because of its intent, language and history, "the forms of action we have buried, but they still rule us from the grave." Maitland, The Forms of Action at Common Law 2.

This continues to be the approach generally taken throughout the United States with the often used statutory language, "action for trespass upon real property." Annot., 15 ALR3d 1228 (1967). The one exception seems to be a Kentucky case, *Commonwealth v. Ratliff*, 392 S.W.2d 913 (Ky.1965), but it involves a different statutory scheme, and the analysis in the decision is too summary to be helpful.

A useful comment is found in *Hartford Insurance Group v. Statewide Appliances, Inc.*, 87 Nev. 195, 484 P.2d 569 (1971). The statutory scheme was quite different, but the issue analogous to the case at bar was whether damage to a house caused by an exploding water heater was "an action for waste or trespass of real property." The court held that it was not.

> We will not strain our imagination to label this action for trespass on the case as one in "trespass" as that term is used in this statute....

> We note that the California code, from which NRS 11.190 was taken, formerly spoke only of trespass upon real property but was amended in 1921 to speak also of "injuries to real property." Apparently the draftsmen of the earlier statute did not foresee trespass on the case actions for damage to real property. Though California has corrected this oversight, the Nevada legislature has not.

The Nevada court followed the statute, despite believing its language to be an "oversight."

A court should not, explicitly or by subtle construction, rewrite a statute in circumstances such as this. Some sensible reason for the distinction between personal and real property under the statute of limitations may be lost in history except to better scholars than the court and counsel in this case. Even if there is no sensible reason, the legislature has considerable discretion to draw lines as it chooses in this area. Courts are not constitutionally empowered to rewrite statutes when they imagine that if the legislature were to examine them, it would do so.

How could a court decide the policy question of whether both real and personal property cases should be under the six year statute or the two year statute? How could a court write a decision reaching either result which would be judicial in nature rather than legislative? The democratic process of government would be better served if counsel in this case or another were to put this issue before the appropriate legislative committees, the governor, or officials serving one or the other branch such as the Revisor of Statutes.

This decision does not address Sauer's argument for limiting liability on personal property damages to $50,000, since that was not the subject of the main motion and has not been fully addressed.

IT IS ORDERED that defendant Sauer Electric's motion for summary judgment, as to damage to the real property, is granted.