# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHEY L. ANDREW,
Appellant,
vs.
SHARON COSTER; NEVADA
DEPARTMENT OF CORRECTIONS;
AND THE STATE OF NEVADA,
Respondents.

No. 70836

FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in a medical malpractice action. First Judicial District Court, Carson City; James E. Wilson, Judge.

Having considered the record and briefs on appeal, we affirm the judgment of the district court.[1] Appellant Richey L. Andrew is, and has at all relevant times been, incarcerated in the Northern Nevada Correctional Center. Andrew underwent surgery for prostate cancer, and, at some point around the time of surgery, he had a catheter inserted. In Andrew's complaint, he claimed that respondent Sharon Coster, a nurse, negligently and prematurely removed his catheter in direct opposition to the doctor's instructions.

---

[1]Although Andrew alleged in his motion for waiver of an affidavit that NRS 41A.071 violates his First and Fifth Amendment rights and again stated in his docketing statement on appeal that NRS 41A.071 violates his First Amendment right, he waived these issues by not addressing them in his appellate briefs. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived.").

SUPREME COURT
OF
NEVADOA

(O) 1947A

17-44327

This alleged medical malpractice, not following the doctor's orders, does not fall into one of the enumerated exceptions in NRS 41A.100(1), and thus, under NRS 41A.071, required a medical expert affidavit. Accordingly, we conclude the district court properly dismissed Andrew's complaint, as his claims were based on professional negligence, his claims did not involve res ipsa loquitur, and he failed to submit the statutorily required medical expert affidavit with his complaint. NRS 41A.071 (setting forth the expert affidavit requirement for medical malpractice claims); NRS 41A.100(1) (enumerating exceptions to the affidavit requirement—known as the res ipsa loquitur doctrine); *Szydel v. Markman*, 121 Nev. 453, 459, 117 P.3d 200, 204 (2005) (holding that NRS 41A.071's expert affidavit requirement does not apply if the claim falls into one of the enumerated res ipsa loquitur exceptions under NRS 41A.100(1)).

Andrew contends that he did not need to attach a medical expert affidavit to his complaint under the common law res ipsa loquitur doctrine because NRS 41A.100(1) did not replace the common law. The Legislature's codification of the res ipsa loquitur exceptions, however, replaced the common law. *See Johnson v. Egtedar*, 112 Nev. 428, 433, 915 P.2d 271, 274 (1996) ("We believe the [L]egislature intended NRS 41A.100 to replace, rather than supplement, the classic res ipsa loquitur formulation in medical malpractice cases where it is factually applicable."); *see also Peck v. Valley Hosp. Med. Ctr.*, 133 Nev., Adv. Op. __ , __ P.3d __ (2017). Alternatively, Andrew requests this court to adopt a new exception to the medical expert affidavit requirement for situations where nurses do not follow the directions of their supervising doctors. This issue involves policy questions that are more appropriately decided by the Legislature, and we thus decline his request to adopt such an exception. *See Renown Health,*

*Inc. v. Vanderford*, 126 Nev. 221, 225, 235 P.3d 614, 616 (2010) ("This court may refuse to decide an issue if it involves policy questions better left to the Legislature.")

Additionally, Andrew's status as an inmate or indigent person does not excuse his failure to attach the requisite affidavit to his complaint, nor does the affidavit requirement violate his equal protection or due process rights. *See Peck,* 133 Nev., Adv. Op. ___ , ___ P.3d at ___.

Finally, Andrew argues that the district court incorrectly dismissed his complaint because it did not address his Eighth Amendment claim. In his complaint, Andrew claimed that Coster improperly removed his catheter "in a negligent and/or deliberate indifferent manner." Although deliberate indifference is a term of art associated with an Eighth Amendment claim, a reviewing court reviews allegations in a complaint not only by the words used but by the gravamen of the action. *State Farm Mut. Auto. Ins. Co. v. Wharton*, 88 Nev. 183, 186, 495 P.2d 359, 361 (1972). Andrew titled his complaint "Civil Action Medical Malpractice Negligence," and he alleged that Coster's conduct was negligent and amounted to medical malpractice. Although Andrew referenced deliberate indifference and his right to be free from cruel and unusual punishment, the essence of his complaint alleges medical malpractice negligence in how Coster removed his catheter, and thus, was properly dismissed for lack of an expert affidavit. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006). Additionally, a claim of negligence in treating a medical condition is not sufficient to state a claim for deliberate

indifference under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James E. Wilson, District Judge
Rogers, Mastrangelo, Carvalho & Mitchell, Ltd.
Attorney General/Carson City
Attorney General/Las Vegas
Carson City Clerk