DAVID BRUNDY AND SALLY BRUNDY, CHARLES BODOR AND PAUL BODOR, APPELLANTS, v. CHRISTY LYNN BRAMLET, RESPONDENT.

No. 14756

January 3, 1985                                    692 P.2d 493

*Lea & Beecroft,* Las Vegas, for Appellants.

*Lionel Sawyer & Collins,* and *Mark A. Solomon,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from an order granting summary judgment quieting title to a parcel of real estate located in Clark County. The primary issue in this case is whether an adverse claimant to real property must pay a water assessment levied upon the subject property in order to perfect title through adverse possession. For the following reasons, we affirm.

Lots 22 and 23 are adjoining parcels of real property located in Clark County. Respondent Christy Bramlet acquired lot 22 in 1961 from her mother. Elmer Bramlet acquired lot 23 in 1963 in the same manner, but he subsequently sold *both* lots. After several transactions, on November 20, 1972, the lots were purchased by appellants David and Sally Brundy. The Brundys constructed a dwelling on lot 23 and fenced both lots. On June 4, 1976, the Brundys entered into a contract for the sale of the lots to Charles and Paul Bodor, who have occupied the property for a period in excess of six years. Appellants have paid the real estate taxes levied against the property since 1972. Respondent, on the other hand, has paid the water assessments upon the subject property between July 15, 1975, and July 15, 1981.

Respondent brought an action to quiet title to lot 22 and moved for summary judgment. Respondent contends that, by failing to

pay the water assessments for the years 1975-1981, appellants could not demonstrate that the adverse possession requirements had been met.

The lower court found that water assessments are "taxes assessed" against the subject property, which an adverse possessor must pay in order to satisfy the requirements of NRS 40.090 or NRS 11.150.[1] The court concluded that, because respondent had paid the water assessments upon the subject property between 1975 and 1981, appellants did not satisfy the statutory requirements. Accordingly, the court found that appellants could not prevail on their claim of adverse possession, and respondent's motion for summary judgment was granted.

The parties dispute whether NRS 11.150 or NRS 40.090 is applicable to the instant case. The outcome of this case does not depend on which of the statutes is applied. Statutory provisions governing the acquisition of title by adverse possession must be strictly construed and strictly followed. *See* Wood v. Henley, 263 P. 870 (Cal.Cr.App. 1928). For purposes of both of the above adverse possession statutes, we conclude that water assessments are taxes which must be paid by the claimant in order to perfect title by adverse possession.

The policy consideration underlying the law of adverse possession is served by requiring such assessments to be paid by the adverse claimant. Adverse possession allows peaceful resolution of disputes over the ownership of real property and frees the alienation of that property by removing uncertainties regarding title. To prove title, an adverse claimant must show that he has, in all respects, acted consistently as the true owner of the property.

---

[1]NRS 11.150 provides:

> In no case shall adverse possession be considered established unless it be shown, in addition to the requirements of NRS 11.120 or 11.140, that the land has been occupied and claimed for the period of 5 years, continuously, and that the party or persons, their predecessors and grantors have paid all taxes, state, county and municipal, which may have been levied and assessed against the land for the period mentioned, or have tendered payment thereof.

NRS 40.090 provides in pertinent part:

> 1. An action may be brought to determine the adverse claims to and clouds upon title to real property by a person who, by himself, or by himself and his predecessors in interest, has been in the actual, exclusive and adverse possession of such property continuously for more than 15 years prior to the filing of the complaint, claiming to own the same in fee, or by any other freehold estate, against the whole world, and who has by himself or his predecessors in interest, paid all taxes of every kind levied or assessed and due against the property during the period of 5 years next preceding the filing of the complaint. . . .

*See* NRS 11.110 *et seq.;* NRS 40.090 *et seq.* True owners pay special assessments against their property or face enforcement of a lien against such property to satisfy the obligation. *See* NRS 318.201. Since appellants did not pay the water assessments, their claim to legal title is defective.

Accordingly, we affirm the district court's order.[2]

---

[2]Respondent moved to strike a portion of appellants' reply brief, contending that the brief raised an argument which was not properly preserved for appeal. This motion was filed shortly before oral argument of the instant case, several months after the brief had been filed. Respondent offered no excuse why the motion to strike was not filed earlier. We refuse to consider the motion on the ground that it was untimely. In any event, we have not considered arguments which were not properly preserved for our review. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981).