138 Nev., Advance Opinion 3

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2006-BC4, Appellant, vs. THUNDER PROPERTIES, INC.; AND WESTLAND REAL ESTATE DEVELOPMENT AND INVESTMENTS, Respondents. | No. 81129 **FILED** FEB 03 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Certified questions under NRAP 5 concerning statutory limitations periods for declaratory judgment and quiet title actions. United States Court of Appeals for the Ninth Circuit; Ronald M. Gould, Carlos T. Bea, and Michelle T. Friedland, Circuit Judges.

*Questions answered.*

Akerman LLP and Melanie D. Morgan, Ariel E. Stern, and Lilith V. Xara, Las Vegas,
for Appellant.

Kim Gilbert Ebron and Jacqueline A. Gilbert, Las Vegas; Roger P. Croteau & Associates, Ltd., and Roger P. Croteau and Timothy E. Rhoda, Las Vegas, for Respondent Thunder Properties, Inc.

Kim Gilbert Ebron and Diana S. Ebron and Jacqueline A. Gilbert, Las Vegas,
for Amicus Curiae SFR Investments Pool 1, LLC.

22-03627

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

The United States Court of Appeals for the Ninth Circuit certified questions to this court concerning the statute of limitations in a declaratory relief and quiet title matter arising out of an HOA foreclosure sale. The Ninth Circuit asks two questions:

> (1) When a lienholder whose lien arises from a mortgage for the purchase of a property brings a claim seeking a declaratory judgment that the lien was not extinguished by a subsequent foreclosure sale of the property, is that claim exempt from statute[s] of limitations under *City of Fernley v. [State,] Department of Taxation*, 132 Nev. 32, 366 P.3d 699 (2016)?

> (2) If the claim described in (1) is subject to a statute of limitations:

> (a) Which limitations period applies?

> (b) What causes the limitations period to begin to run?

We respond to the Ninth Circuit that declaratory relief actions are not categorically exempt from statutes of limitations under *City of Fernley v. State, Department of Taxation*, 132 Nev. 32, 366 P.3d 699 (2016). We next determine that the four-year catch-all statute of limitations, NRS 11.220, applies to an action (like this one) to determine the validity of a lien under NRS 40.010. And finally, the statute of limitations does not begin to run until the titleholder affirmatively repudiates the lien, which does not necessarily happen at the foreclosure sale.

## FACTS

Because this is a certified question, the court takes the facts as stated in the Ninth Circuit's order certifying the questions, *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 958 F.3d 794 (9th Cir. 2020).

Briefly, appellant U.S. Bank, N.A., holds a first deed of trust on the subject residential real property. Based on unpaid HOA assessments, the HOA foreclosed on the property in 2011, and the bank made no effort to challenge the foreclosure sale at that time. The property was subsequently transferred to respondent Thunder Properties, Inc. In 2016, five years after the sale, U.S. Bank sued for a declaration to quiet title. It stated that this claim was made pursuant to the state and federal declaratory judgments acts, as well as Nevada's quiet title statute. It also asserted other claims that are not at issue here. The bank argued that it is entitled to a declaration that its deed of trust was not extinguished by the sale and remains a present interest in the property. Thunder Properties argued that the statute of limitations began to run when the property was sold and has since expired, such that the bank's suit must be dismissed. The federal district court dismissed the bank's claim as time-barred. The bank appealed, and the Ninth Circuit Court of Appeals certified the above-stated questions of law to this court.

## DISCUSSION

City of Fernley *does not hold that declaratory relief actions are categorically exempt from statutes of limitations*

As to the Ninth Circuit's first certified question, we respond that our holding in *City of Fernley* does not necessarily allow declaratory relief in an action that is otherwise time-barred, because framing an action as seeking declaratory relief does not provide a categorical exception to the statute of limitations.

(O) 1947A

In *City of Fernley v. State, Department of Taxation*, the city challenged the constitutionality of a 1997 tax statute (the C-Tax) that provided a new system for distributing tax revenues among cities. 132 Nev. 32, 36-37, 366 P.3d 699, 702-03 (2016). After Fernley incorporated as a city in 2001, it did not meet criteria to receive increased C-Tax distributions. *Id.* at 39, 366 P.3d at 704. Thus, the city received less tax revenue than other cities with comparable populations. *Id.* at 39, 366 P.3d at 705. Eleven years later, Fernley filed suit, seeking retrospective money damages, a declaration that the C-Tax was unconstitutional, and an injunction barring its future enforcement. *Id.* at 40 & n.4, 366 P.3d at 705 & n.4. The district court granted summary judgment, however, after concluding that the complaint was time-barred under NRS 11.220's four-year catch-all limitations period. *Id.* at 41, 366 P.3d at 705-06.

In resolving Fernley's subsequent appeal, this court observed that the "[t]he statute of limitations applies differently depending on the type of relief sought," noting "two types of relief: retrospective relief, such as money damages, and prospective relief, such as injunctive or declaratory relief." *Id.* at 42, 366 P.3d at 706. Relying on the principle that statutes must accord with constitutions, we recognized that permitting a statute of limitations to bar challenge to an allegedly unconstitutional statutory provision would undermine the constitutional supremacy doctrine. *Id.* at 42-44, 366 P.3d at 706-07. In *City of Fernley*, we thus concluded that "the failure to file a claim within the statute of limitations period does not render all relief time-barred because claimants retain the right to prevent *future violations* of their constitutional rights." *Id.* at 44, 366 P.3d at 708 (emphasis added). And therefore, "the statute of limitations does not bar Fernley's claims for injunctive and declaratory relief from an allegedly

SUPREME COURT
OF
NEVADA

(O) 1947A

4

unconstitutional statute." *Id.* at 44, 366 P.3d at 707. Accordingly, *City of Fernley* held that declaratory or injunctive relief to prevent future constitutional violations is not subject to statutes of limitations based on when the violation first began. It does not provide that declaratory relief is categorically exempt from statutes of limitation.

Consistent with *City of Fernley*, a claim for declaratory relief cannot be used to circumvent the statute of limitations absent an alleged ongoing violation of a party's constitutional rights. If a statute of limitations would bar a legal remedy based on the same substantive claim as underlies a request for declaratory relief, the limitations period will apply "[t]o prevent plaintiffs from making a mockery of the statute of limitations." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (quoting *Gilbert v. City of Cambridge*, 932 F.2d 51, 57 (1st Cir. 1991)); *see also Taxpayers Allied for Constitutional Taxation v. Wayne County*, 537 N.W.2d 596, 601 (Mich. 1995) ("Declaratory relief may not be used to avoid the statute of limitations for substantive relief."). In sum, declaratory relief does not exempt a time-barred claim from the statute of limitations where there is not an ongoing violation of a party's constitutional rights.[1]

---

[1]The bank argues that *City of Fernley* applies with equal force to prospective statutory claims, relying on *City of Fernley*'s citation to *Taxpayers Allied*. The bank is mistaken. *City of Fernley* pertinently noted that permitting the statute of limitations to bar suit to enjoin future unconstitutional taxes would be improper because it "would truncate the constitutional right." 132 Nev. at 43, 366 P.3d at 707 (quoting *Taxpayers Allied*, 537 N.W.2d at 600). *City of Fernley* is silent as to declaratory relief for a hypothetical statutory claim relating to an ongoing violation that is otherwise time-barred.

*This is a quiet title action under NRS 40.010*

Before reaching the Ninth Circuit's next question, we must determine the nature of the relief sought to determine what limitations period should apply. The bank's complaint asserted a claim for "Quiet Title/Declaratory Judgment." It claimed an entitlement to a declaration under 28 U.S.C. § 2201 (the federal Declaratory Judgments Act), NRS 30.040 (the state-law Uniform Declaratory Judgments Act), and NRS 40.010 (the quiet title statute).[2] The nature of the claim, however, is that the bank retained a valid first priority interest on the property via its deed of trust because the HOA foreclosure sale, through which Thunder Properties' predecessor-in-interest acquired its interest, did not extinguish the deed of trust.

Whether characterized as seeking declaratory relief or quiet title, this court examines the nature of the substantive claim, as "[t]he nature of the claim, not its label, determines what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 132 Nev. 767, 770, 383 P.3d 257, 260 (2016). NRS 40.010 permits an action by a party that claims an interest in real property against another party claiming an interest in that property to resolve the competing claims. Rather than any particular elements, parties must prove their interests in the property at issue and demonstrate superiority of title. *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 318, 302 P.3d 1103, 1106 (2013). The parties here agree that Thunder Properties' title is not in dispute and that they only dispute the validity of a lien on that title. We have recognized that actions to resolve competing

---

[2]To the extent the bank argues it asserts a defense to which statutes of limitations do not apply, it exceeds the scope of the certified questions and thus the scope of this opinion.

claims to title and clouds on title are quiet title actions brought under NRS 40.010. *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 58, 366 P.3d 1105, 1111 (2016). That the claim has been framed as seeking declaratory relief does not change the applicable statute of limitations; instead, courts generally apply the limitations period for the substantive "claim on which the relief is based," because "[l]imitations statutes do not apply to declaratory judgments as such." *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548 (2d Cir. 1963); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) ("A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred."). In this context, a declaration to quiet title resolving the status of the bank's interest in the property is the substantive relief sought.

*The four-year catch-all statute of limitations applies*

Having determined that the bank seeks to quiet title and determine that its lien was not extinguished, we answer the Ninth Circuit that the catch-all limitations period set forth in NRS 11.220 applies.

"When a right of action does not have an express limitations period, we apply the most closely analogous limitations period," if one exists.[3] *Perry*, 132 Nev. at 774, 383 P.3d at 262. Such an analogous period does not always exist. *Perry* illustrates an analogous claim that may supply a limitations period: a constitutional minimum-wage-amendment claim is

---

[3]We recognize that the doctrine of "analogous limitations" has recently been superseded by statute. 2021 Nev. Stat., ch. 161, § 2, at 723-24 (amending NRS 11.220). The amendment applies only prospectively, however, *id.* § 3, at 724, and thus does not directly govern here. Though the amendment is not retroactive, we have considered it in seeking to establish a consistent rule.

analogous to a statutory claim for failure to pay an employee the minimum wage, and thus the limitations period for the statutory claim may be applied. *Id.* at 768, 383 P.3d at 258. "NRS 11.220 provides a catch-all limitations period for any right of action not otherwise provided for by law." *Id.* at 770, 383 P.3d at 260. When a statutory category of claim is broad enough to encompass many kinds of claims, such that it is "impossible to analogize them to any other type of claim consistently," it is appropriate to apply the catch-all provision. *Id.* at 773, 383 P.3d at 261-62.

As a threshold matter, we address the bank's claim that the statute of limitations may depend on the plaintiff's theory of the case and Thunder Properties' argument that relies on the bank's fact-specific assertion that the HOA's foreclosure sale did not comply with NRS Chapter 116. Both parties thus urge that courts look beyond the cause of action and the relief sought and engage with specific arguments made to support that cause of action. We decline to do so, as we have observed that "it is the object of the action, rather than the theory upon which recovery is sought, that is controlling" in determining the statute of limitations. *State Farm Mut. Auto. Ins. Co. v. Wharton*, 88 Nev. 183, 186, 495 P.2d 359, 361 (1972) (alteration and quotation marks omitted); *see also Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 643, 403 P.3d 1280, 1285 (2017) (recognizing that "the gravamen of the claims rather than the gravamen of the complaint determines statute of limitations issues"). Even if "[t]he statute of limitations applies differently depending on the type of relief sought," *City of Fernley*, 132 Nev. at 42, 366 P.3d at 706, the applicable statute of limitations should *not* depend on highly case-specific facts or arguments, *see Owens v. Okure*, 488 U.S 235, 240 (1989) (observing that seeking analogous applications on a case-by-case basis may lead to

confusion and inconsistent results in determining the appropriate statute of limitations). Focusing on the nature of the claim, rather than specific case-by-case facts, serves "a primary goal of statutes of limitations"— "[p]redictability." *Id.*

The bank argues that there is no clearly applicable statute of limitations, while Thunder Properties and amicus curiae SFR Investments Pool 1, LLC, argue that the bank is suing upon a "liability created by statute" and is thus subject to NRS 11.190(3)(a). The bank's action has not sought to hold Thunder Properties liable, but rather to determine the viability of the bank's interest. We agree with the bank and conclude that no statute of limitations specifically addresses a quiet title action involving a nonpossessory lien.

Considering the statutes proffered by the parties in turn, we conclude that none are suitably analogous. Rather, we conclude that this is exactly the type of situation for which NRS 11.220's catch-all period was built. The bank first argues that NRS 106.240 should apply. NRS 106.240 extinguishes a lien ten years after the debt secured by the deed of trust becomes "wholly due." This statute does not address an analogous claim involving whether a foreclosure extinguished a deed of trustholder's lien; rather, it "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 117 Nev. 90, 94, 16 P.3d 1074, 1077 (2001). The bank next argues that NRS 40.090's 15-year limitations period should apply because the claim is analogous to adverse possession. There is, however, no uncertainty regarding title or ownership here. *See Brundy v. Bramlet*, 101 Nev. 3, 5, 692 P.2d 493, 495 (1985) ("Adverse possession allows peaceful resolution of disputes over the ownership of real property and frees the alienation of that

Supreme Court
OF
Nevada

(O) 1947A

9

property by removing uncertainties regarding title."). The bank next argues that NRS 104.3118(1), setting a six-year term for an action to enforce an obligation to pay a note, is analogous. This argument is unpersuasive as well; the bank seeks to determine whether its interest persists, not to recover a debt due. Lastly, the bank argues that the quiet title actions addressed in NRS 11.070 or NRS 11.080 are analogous. These provisions apply, however, to claims where the plaintiff actually "was seized or possessed of the premises in question," NRS 11.070; NRS 11.080, which is not comparable to the bank's claims here. Amicus argues that the 30- and 90-day periods in NRS 107.080 to challenge a foreclosure sale are analogous; however, the bank here does not seek to unwind that transaction but rather to determine that its deed of trust persists notwithstanding the sale. Amicus alternatively argues that the 60-day redemption period in NRS 116.31166(3) is analogous, but the statutory right of redemption seeks to restore an interest that has been extinguished, while the bank distinguishably argues that its interest remains intact. *See generally Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180, 444 P.3d 428 (2019) (interpreting NRS 116.31166(3)). Finally, amicus argues that the action is analogous to a suit to recover property sold for taxes, *see* NRS 361.600, but again, the bank at no point possessed and does not seek to recover the premises at issue here. Accordingly, we conclude that the parties have not shown that the nature of the claim here is analogous to that of a claim provided for by another statute of limitations.

A claim to determine the validity of a lien may be analogous to various other actions, depending on the facts of the case. But that does not mean the court should engage in a fact-intensive inquiry to determine the

SUPREME COURT
OF
NEVADA

(O) 1947A

statute of limitations on a case-by-case basis. Rather, precisely because it is "impossible to analogize [these claims] to any other type of claim consistently," it is appropriate to apply the catch-all provision. *See Perry*, 132 Nev. at 773, 383 P.3d at 261-62.

*The four-year limitations period is not triggered until the titleholder repudiates the lien*

Finally, we consider the Ninth Circuit's question regarding when the limitations period begins to run. We respond that the limitations period does not begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence.

Our recent decision in *Berberich v. Bank of America, N.A.*, 136 Nev. 93, 460 P.3d 440 (2020), is instructive on this point. In *Berberich*, the plaintiff purchased the property at an HOA foreclosure sale and, six years later, sought to quiet title in himself by a judicial determination that the foreclosure sale extinguished the lender's original deed of trust. *Id.* at 94, 460 P.3d at 441. We held that in such a case, "the limitations period is triggered when the plaintiff is ejected from the property or has had the validity or legality of his or her ownership or possession of the property called into question." *Id.* at 97, 460 P.3d at 443. "[M]ere notice of an adverse claim is not enough." *Id.* (quoting *Salazar v. Thomas*, 186 Cal. Rptr. 3d 689, 696 (Ct. App. 2015) (alteration in original)). Rather, the period is triggered when "someone presses an adverse claim." *Id.* Pressing an adverse claim may consist of explicitly calling the owner's right to possession into question or indirectly challenging the owner's interest by asserting that another party has a senior interest. *Id.*

*Berberich* does not directly control this case, as the bank here has not asserted a right to possess the property. However, it is

SUPREME COURT
OF
NEVADA

(O) 1947A

straightforward to extend *Berberich*'s discussion of when the limitations period begins to run to this case. *Berberich* held that the statute of limitations does not run against a property owner until he or she "has notice of disturbed possession." *Id.* It takes more than mere notice of an adverse claim to trigger the limitations period; some affirmative action is required. *Id.* Applying the same principle, the statute of limitations should not run against a lienholder until it has something closely analogous to "notice of disturbed possession," such as repudiation of the lien.

The HOA foreclosure sale, standing alone, is not sufficient to trigger the period. As the bank has at least constructive notice—and likely actual notice—of the foreclosure sale, it knows that there is a possibility the purchaser will raise an adverse claim that the lien has been extinguished. But the foreclosure sale is not itself that claim because the foreclosure sale does not necessarily extinguish the lien. Of course, an HOA foreclosure *can* extinguish a bank's deed of trust. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014). But it is also possible that a foreclosure *does not* do so—for example, if the bank properly tendered the superpriority amount, *see Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018), or if tender was excused, *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 136 Nev. 62, 63, 458 P.3d 348, 349 (2020). Thus, an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger the statute of limitations. It is more akin to "notice of an adverse claim" than "notice of disturbed possession" or "someone press[ing] an adverse claim." To rise to

SUPREME COURT
OF
NEVADA

(O) 1947A

the level that would trigger the limitations period, something more is required.[4]

## CONCLUSION

Here, we consider another facet of the effect of HOA foreclosures on lender deeds of trust, as posed by the United States Court of Appeals for the Ninth Circuit in questions certified to this court. In response, we conclude that *City of Fernley* does not establish that declaratory judgments are categorically exempt from statutes of limitations. Rather, that decision established only that suits seeking a declaration to prevent future, ongoing violations of constitutional rights are not time-barred. We further conclude that a claim seeking to quiet title by declaring the validity of a lien is subject to a four-year statute of limitations. And, consistent with *Berberich*, which held that the statute of limitations does not begin to run on a titleholder's suit until the plaintiff had notice of

---

[4]We disagree with our dissenting colleagues that this opinion is advisory. Rather, whether a triggering action was present is beyond the scope of our inquiry. That we do not decide whether such action was present does not mean that this conclusion is not determinative. It simply involves factual determinations beyond the certified facts and thus beyond the scope of this review. Further, the dissent finds a "one-size-fits-all approach" in our analysis that is not present, as we looked to the substance of the claims raised, looking beyond whether the claimant labeled them as seeking quiet title or declaratory relief. We agree that such actions can be mechanisms to seek relief for a wide variety of claims. We also agree that the bank need not take further action in cases of "tender or tender futility." However, because the certified questions focus specifically on a claim arising from the foreclosure sale, the analysis here thus focuses on whether the bank's interest persisted as a consequence of the sale. The certified questions do not present the matter of an action to quiet title based on a bank's claimed property rights in general or any other particular basis. Accordingly, this discussion concerns a claim on the specific basis of the consequence of a foreclosure sale.

disturbed possession—rather than mere notice of an adverse claim—the statute of limitations does not begin to run on a lienholder's suit until a comparable act occurs, such as the titleholder's repudiation of the lien. Because an HOA foreclosure sale may or may not extinguish a lien, such a sale does not, without more, trigger the limitations period.

_____, J.
Stiglich

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A

14

PICKERING, J., with whom CADISH and SILVER, JJ., agree, concurring in part and dissenting in part:

This case comes to us under NRAP 5. This rule permits us to answer certified questions about Nevada law when the answers "may be determinative of the cause then pending in the certifying court." NRAP 5(a). But "[t]his court lacks the constitutional power to render advisory opinions." *Echeverria v. State*, 137 Nev., Adv. Op. 49, 495 P.3d 471, 475 (2021). So, to proceed under NRAP 5, it must appear to the court that "its answers may 'be determinative' of part of the federal case, there is no controlling [Nevada] precedent, and the answer will help settle important questions of law." *Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 751, 137 P.3d 1161, 1164 (2006) (quoting *Ventura Grp. v. Ventura Port Dist.*, 16 P.3d 717, 719 (Cal. 2001)).

The answers the majority gives to the Ninth Circuit's questions do not meet these criteria. In the first place, the majority's opinion is impermissibly advisory—it opines that all of the Bank's claims are subject to the four-year catch-all statute of limitations in NRS 11.220 but then holds that the HOA foreclosure sale did not start the clock running on any of them. For a statute of limitations to matter, the cause of action must first accrue. *See* NRS 11.010 ("Civil actions can only be commenced within the periods prescribed in this chapter, *after the cause of action shall have accrued*.") (emphasis added). If the cause of action has not accrued, which statute of limitations applies is academic. Declaratory judgment is available to parties in this position, provided their disagreement is ripe and will "terminate the uncertainty or controversy," NRS 30.080, but the action is not time-barred, whether under a three-, four-, or five-year limitations period.

Second, and more fundamentally, the majority errs by adopting a one-size-fits-all approach to the statute of limitations questions posed. Quiet title and declaratory judgment actions can serve as the vehicle for a variety of claims. Such actions do not carry a single statute of limitations that operates the same way for all types of claims. On the contrary, the statute of limitations that applies and its trigger depend on the theory that underlies the claim. *Salazar v. Thomas*, 186 Cal. Rptr. 3d 689, 694-95 (Ct. App. 2015) (holding that, in the quiet title context, "courts refer to the underlying theory of relief to determine the applicable period of limitations"); *see also Las Vegas Dev. Grp., LLC v. Blaha*, 134 Nev. 252, 257, 416 P.3d 233, 237 (2018) (applying the five-year statute of limitations in NRS 11.080 instead of the shorter limitation periods in NRS 107.080(5)-(6) to a quiet title action where the theory was the HOA foreclosure sale extinguished the first deed of trust, such that the trustee lacked authority thereafter to conduct a deed-of-trust foreclosure sale); 74 C.J.S. *Quieting Title* § 58 (2013) (discussing how the theory underlying the quiet title claim determines the statute of limitations, if any, that applies); 65 Am. Jur. 2d *Quieting Title and Determination of Adverse Claims* § 46 (2021) (similar). The majority recognizes as much—acknowledging that the five-year statute of limitations that *Berberich v. Bank of Am., N.A.*, 136 Nev. 93, 95, 460 P.3d 440, 442 (2020), holds governs an HOA-foreclosure-sale buyer's quiet title action against the deed-of-trust holder does not apply when the roles are reversed, and the deed-of-trust holder sues the foreclosure-sale buyer to quiet title.

Instead of answering the Ninth Circuit's statute of limitations questions in the abstract, I would tie the answers to the claims alleged in the Bank's complaint. *See In re Fontainebleau Las Vegas Holdings*, 128

Nev. 556, 570, 289 P.3d 1199, 1207 (2012) (consulting the facts stated by the certifying court and alleged in the federal court complaint in answering questions certified under NRAP 5). In its complaint, the Bank alleges that its deed of trust is superior to Thunder's title on two different theories. First, it maintains that the HOA lien foreclosure sale was unfair and produced a grossly inadequate price, such that equity should invalidate it under *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 57, 366 P.3d 1105, 1110 (2016), and its progeny. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 749, 405 P.3d 641, 648 (2017) (discussing *Shadow Wood* and noting that, while "mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale . . . it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression" and should be set aside on the basis of equity). Second, the Bank alleges that tender of the superpriority portion of the lien was futile and therefore excused, such that the HOA lien foreclosure sale failed to extinguish its deed of trust by operation of law. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 610, 427 P.3d 113, 120 (2018) (*Diamond Spur*) (holding that "under the split-lien scheme, tender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law," so the HOA lien foreclosure sale does not extinguish the first deed of trust); *see also 7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 136 Nev. 62, 67, 458 P.3d 348, 351-52 (2020) (extending *Diamond Spur* to hold that, where the tendering party knew tender "would have been rejected," tender is excused, and the deed of trust survives as if tender had occurred).

As to the Bank's first theory—its *Shadow Wood*-based claim for equitable relief from the HOA lien foreclosure sale—I agree that the catch-all four-year statute of limitations in NRS 11.220 applies. This claim is not an "action upon a liability created by statute," so NRS 11.190(3)(a)'s three-year statute of limitations does not apply. *See U.S. Bank Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, 376 F. Supp. 3d 1085, 1091 (D. Nev. 2019). And the Bank does not possess or assert a right to possess the property, so NRS 11.070 and NRS 11.080 and their five-year limitations periods do not apply either. *See id.* Last, a *Shadow Wood*-type claim seeks to set aside an HOA superpriority lien foreclosure sale deed that, if not set aside, extinguished the first deed of trust. Nevada's ancient mortgage statute, NRS 106.240, providing for the expiration of a deed of trust ten years after the note it secures became fully due, sets an outside expiration date. It does not revive an already-extinguished deed of trust.

The majority and I part company, though, on what triggers the statute of limitations on a first deed-of-trust holder's *Shadow Wood*-based claim for equitable relief from an HOA foreclosure sale. Applying the same rule to all such challenges, whether equitable or tender-based, the majority firmly holds that "an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger the statute of limitations"; "something more is required." Majority op. at 12, 13. But this conflicts fundamentally with a *Shadow Wood*-based claim, which seeks to *set aside*, on equitable grounds, an HOA superpriority lien foreclosure sale that allegedly extinguished the first deed of trust. If a superpriority lien foreclosure sale does not call the deed of trust sufficiently into question to trigger the statute of limitations, it is hard to imagine what would. At least in the context of a *Shadow Wood*-based claim for equitable relief from

an HOA superpriority lien foreclosure sale, I would hold, as several federal courts have held, that the HOA superpriority lien foreclosure sale triggers the four-year statute of limitations in NRS 11.220. *U.S. Bank Nat'l Ass'n*, 376 F. Supp. 3d at 1091; *Bank of N.Y. Mellon v. 4655 Gracemont Ave. Tr.*, No. 2:17-cv-00063-JAD-PAL, 2019 WL 1598745, at *4 (D. Nev. Apr. 12, 2019); *Bank of Am., N.A. v. Giavanna Homeowners Ass'n*, No. 2:18-cv-00288-RFB-VCF, 2019 WL 1407411, at *2-3 (D. Nev. Mar. 28, 2019).

The Bank's second theory—that tender or tender futility preserved its deed of trust by operation of law—stands on a different footing. Under *Diamond Spur*, tender or tender futility extinguishes the superpriority portion of the HOA lien, invalidating the foreclosure sale as to the first deed of trust. 134 Nev. at 612, 427 P.3d at 121 (stating that "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property"); *see also 7510 Perla Del Mar Ave Tr.*, 136 Nev. at 67, 458 P.3d at 352 (extending *Diamond Spur* to tender futility). Under this theory, the Bank's deed of trust and the HOA buyer's deed do not conflict. The deed of trust survives the HOA lien foreclosure sale, such that the HOA buyer takes title subject to the Bank's deed of trust. The Bank is under no obligation to take further action to protect its deed of trust against the lien foreclosure sale buyer. *See Newport v. Hatton*, 231 P. 987, 991 (Cal. 1924) (noting that in the quiet title context "[a] party holding the paramount claim to a legal title is not called upon to take action against a hostile claim which is not of a nature to ripen into a valid adverse title"); 74 C.J.S. *Quieting Title*, *supra*, § 58 ("An equitable suit to quiet title in relation to a void deed is not subject to a statute of limitations that applies if a deed is voidable.") (footnote omitted).

And the deed of trust remains enforceable until it expires under the statutes applicable thereto. *See* NRS 104.3118(1) (the statute of limitations for judicial foreclosure is six years after the debt's maturity date). *Compare* NRS 106.240 (providing that a deed of trust is canceled ten years after the obligation it secures becomes fully due), *with Facklam v. HSBC Bank USA*, 133 Nev. 497, 497, 401 P.3d 1068, 1069 (2017) (holding that "because statutes of limitations only apply to judicial actions, and a nonjudicial foreclosure by its very nature is not a judicial action," a lender may pursue nonjudicial foreclosure of a deed of trust despite the contract-based statute of limitations having run on the note secured by the deed of trust). The four-year catch-all statute of limitations thus does not apply to the Bank's tender/tender futility claim.

Last, this case differs from *City of Fernley v. State, Department of Taxation*, 132 Nev. 32, 366 P.3d 699 (2016).[1] The plaintiff in *City of Fernley* challenged the constitutionality of a tax distribution scheme. *Id.* at 36, 366 P.3d at 702. Although it let the statute of limitations run on its accrued damages claim, the scheme was ongoing, with annual distributions projected into the future. *Id.* at 44, 366 P.3d at 707-08. The statute of limitations had not run as to the future distributions, so the City was entitled to pursue declaratory and injunctive relief as to future

---

[1]Like the majority, I note the Bank's argument that statutes of limitations do not apply to defenses, *Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964); *see Ferrell St. Tr. v. Bank of Am., N.A.*, No. 78691, 2021 WL 911893, at *1 (Nev. Mar. 9, 2021) (citing *Dredge* and noting that "[w]e have also held that statutes of limitation do not run against defenses such as tender"), but leave that issue for another day, since the Bank does not adequately develop it and neither Thunder nor amicus curiae addresses it.

distributions on a continuing claim theory. *Id.* at 43-44, 366 P.3d at 707-08.

In sum, I concur in the majority's decision to apply a four-year statute of limitations to the Bank's equitable claim to set aside the HOA foreclosure sale. Otherwise, I respectfully dissent.

_____ , J.
Pickering

We concur:

_____ , J.
Cadish

_____ , J.
Silver